## THE CITY OF DUBUQUE v. BENSON.

Corporation, municipal: DEDICATION OF STREETS. Where a dedication of streets, by a city plat, declares that "the streets and alleys are dedicated for street purposes, and that only," the corporation, notwithstanding sections 636, 637, Code of 1851, takes only an easement in the streets, and the right to work them as public highways; the fee and all other rights, including that of mining subterraneous veins of ore, are, in such case, reserved to the dedicator. This case distinguished from that of *The City of Des Moines* v. *Hall*.

*Appeal from Dubuque District Court.*

TUESDAY, OCTOBER 15.

DEDICATION OF STREETS : OWNERSHIP OF MINERALS, ETC.— Trespass to recover damages from the defendant, for entering upon and taking from the public street known as Grand View avenue, in Union Addition to the city of Dubuque, large quantities of lead ore, claimed to be the property of the plaintiff.

The answer sets up that the premises from which the mineral was so taken, are parts of mineral lots 59 and 64, in Dubuque city, of which the defendant alleges he is the owner in fee.

From a decision against it, the city prosecutes the present appeal.

*John H. O'Neill* for the city.

*W. T. Barker* and *Roberts & Fouke* for the defendant.

DILLON, J.— The town of Dubuque was originally laid off under an act of congress.

As to the ownership of streets within the limits of the original town, see *Dubuque* v. *Malony*, 9 Iowa, 450.

But in the case at bar, it is to be remembered that Union Addition to the city of Dubuque, in which the street in question is situated, is *without* the old corporation boundary, but within the limits of the city, as defined by the act of January 22, 1853. This addition was laid out and recorded in 1856.

At this time it was provided by statute (Code of 1851, ch. 4, §§ 636, 637), that the acknowledgment and recording of town plats in the manner therein prescribed, should operate as a conveyance in fee simple, for the use of the public, of the streets, etc., designated on the plats. Under this statute, the city claims the ownership in fee of the streets and the right to all minerals therein contained.

On the other hand the defendant claims that he has never parted with the fee, nor with his right to minerals within the limits, but beneath the surface of the streets.

The general question of the ownership of minerals in streets was before this court in the case of *Des Moines* v. *Hall*, but as a rehearing has been granted in that case, no further reference will be made to the opinion filed therein.

This case is clearly distinguishable from that one, and does not seem to us to be difficult of decision. The controlling fact in the present cause is, that the instrument by which the city claims that Grand View avenue was dedicated to it, itself contains a limitation of the grant to the public. The ground laid out was mineral lots.

The owners contemplating that veins of mineral might be found beneath the street, and anticipating, as it would seem, the claim which the city now makes, took the precaution to declare that " *the streets and alleys were dedicated for street purposes and those only.*" If by reason of non-acceptance of Union Addition, if a formal acceptance be necessary, or, if from any other reason there was no dedication, clearly the city has no right to recover. It

is not claimed that the street in question was dedicated otherwise than by the instrument above referred to. If the city claims under that, it must take it *cum onere.*

In the light of the charter, the general law and the special circumstances, we construe that instrument to mean that the dedicators give the public the right or easement of passage in the streets, the right to use and work them as public ways and the like, but reserve all other rights, such as the right to take minerals therefrom. And in our opinion they have the right to move the ore, certainly where this is subterraneous and does not interfere with the use and enjoyment of the property for the purpose of a public way or street. That a party in the absence of a prohibitory enactment may define the purpose of his grant to the public, cannot be denied. If the public authorities are not satisfied with it, they may reject it or not accept it. But if, as in this case, a claim is made under a grant, if that be the only source of the right claimed, then the terms, conditions and qualifications attached to the grant, must be looked at to determine the rights which it confers. As to what would be the rights of the respective parties had the dedication been general and unlimited, or had the city acquired the street by the exercise of the right of eminent domain, we give no opinion.

Affirmed.