O. A. TOUSLEY, *et al.*, v. THE GALENA MINING AND SMELTING COMPANY.

CITY PLAT; *Statute Construed; Interest Conveyed in Dedicator's Deed of Lots.*
By the common law, a conveyance of a lot or tract of ground bounded upon a street or a highway, conveyed not merely the grantor's interest in the lot or tract, but also that in the street or highway upon which it abutted, to its center. The common law is in force in this state, save as modified by constitutional and statutory law, judicial decisions, and the condition and wants of the people. That rule of the common law is not in terms repealed, and is in force, save as it is modified by chapter 78 of the Compiled Laws 1879, which provides that the filing for record of

the plat of a town or addition thereof shall be a conveyance to the county in fee, in trust for the public, of all streets, alleys, etc. *Held,* That if, notwithstanding said chapter 78, the dedicator may reserve any interest in the streets or alleys, his conveyance of a lot abutting thereon without any express limitation will convey all such reserved interest up to the center of the street or alley.

### *Error from Cherokee District Court.*

ACTION brought by the *Galena Mining & Smelting Company* against *O. A. Tousley* and *J. H. Neal,* the owners of lots 354 and 355 in the city of Galena, in the county of Cherokee, to recover certain damages, and also to obtain a perpetual injunction against the defendants, restraining them, and each of them, from entering into, upon and under both the street and the alley abutting and adjoining said lots for the purpose of mining, excavating and removing therefrom lead or zinc ore, or any other fossil or mineral substances. Trial by the court, upon an agreed statement of facts, at the April Term, 1880. The court found generally for the plaintiff upon all the matters involved in the action, and rendered judgment accordingly for the plaintiff. New trial denied, and the defendants bring the case to this court. Other facts appear in the opinion.

*Blair & Perry,* and *W. R. Cowley,* for plaintiffs in error; *F. A. Bettis,* and *C. O. Stockslager,* of counsel for plaintiffs.

*W. H. Hornor,* and *L. P. Cunningham,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The defendant in error was the owner in fee of the land on which Galena, a city of the third class, was and is located. It filed its plat, certified in the usual form, dedicating the streets and alleys to public use, but setting forth in such dedication that it reserved to itself all the mineral under the surface of such streets and alleys. Subsequently, it sold and conveyed to Tousley & Neal, plaintiffs in error, lots 354 and 355 in said city, by general warranty

deed in the usual form, and without any reservation or condition. They commenced mining from their lots under that half of the street next to them, and the mining company brought this action for damages, and to restrain them from such mining operations.

The first proposition of counsel for plaintiffs in error is, that by the dedication under the statute, the defendant in error parted with the fee absolutely to the county, and that the reservation of the mineral was void as in contravention of the statute; and the second, that if the reservation were valid, all rights secured thereby passed by the deed to plaintiffs in error.

The first proposition turns upon the effect to be given to the statute concerning dedications. The first and sixth sections thereof are all that materially affect this question:

"SECTION 1. Whenever any city or town, or an addition to any city or town, shall be laid out, the proprietor or proprietors of such city or town, or addition, shall cause to be made out an accurate map or plat thereof, particularly setting forth and describing: *first*, all the parcels of ground within such city or town, or addition, reserved for public purposes, by their boundaries, course and extent, whether they be intended for avenues, streets, lanes, alleys, commons, or other public uses; and, *second*, all lots intended for sale, by numbers, and their precise length and width."

"SEC. 6. Such maps and plats of such cities and towns, and additions, made, acknowledged, certified, filed and recorded with the register, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named or intended for public uses, in the county in which such city or town, or addition, is situate, in trust and for the uses therein named, expressed or intended, and for no other use or purpose."

On the one side it is argued that, whatever may be true of a parol dedication, a statutory dedication must pass the fee; that whoever would avail himself of the privileges of the statute, must take them *cum onere;* that if he would have his plat filed and recorded, he must consent that the fee of all streets, alleys, etc., pass to the county. On the

other hand, it is said that there is no prohibition on reserving minerals, etc.; that a party owning land may give to the public just such an interest therein as he sees fit; that the public is not compelled to accept what he offers, neither can it, save by condemnation proceedings in which it pays for what it takes, take more from a party than he offers to give; that the defendant in error offered only certain interests to the public, and that if the public did not take that interest and only that interest, it took nothing, and the fee and easement both remain with the defendant in error. The case of *City of Dubuque v. Benson*, 23 Iowa, 248, is cited in support of these views.

We do not deem it necessary to decide this question, for the other appears conclusive of the case in favor of the plaintiffs in error. Conceding that the reservation was valid, that the fee did not pass to the public, then it seems to us that the warranty deed of the lots conveyed all the grantor's interest in the street up to the center. That such was the rule at common law, will not be questioned.

"The established inference of law is, that a conveyance of land bounded on a public highway, carries with it the fee to the center of the road as part and parcel of the grant. The idea of an intention in a grantor to withhold his interest in a road to the middle of it, after parting with all his right and title to the adjoining land, is never to be presumed. It would be contrary to universal practice. There is no instance where the fee of a highway, as distinct from the adjoining land, was ever retained by the vendor." (*Peck v. Smith*, 1 Conn. Rep., 103.)

"It would require an express declaration, or something equivalent thereto, to sustain such an inference; and it may be considered as the general rule, that a grant of land bounded upon a highway or river, carries the fee in the highway or river to the center of it, provided the grantor at the time owned to the center, and there be no words or specific description to show a contrary intent." (3 Kent's Com., 433–4, and cases cited.)

"But if the space be a highway, that circumstance raises a strong presumption of an intent to pass the soil to the center of the highway, and it will so pass accordingly unless

the highway be clearly excluded." (*Dovaston v. Payne*, 2 Smith's Leading Cases, p. 216, and cases cited.)

"And to have this rule of the least practical importance to cure the evil which it is adapted to remedy, it must be applied to every case where there is not expressed an evident and manifest intention to the contrary, one from which no rational construction can escape." (*Buck v. Squiers*, per Redfield, J., in 22 Vt. 484.)

In *Kimball v. The City of Kenosha*, 4 Wis. 331, the syllabus says:

"A grantee of a lot bounded by a street or streets in a village, laid out, platted and recorded in conformity with the statute, takes to the center of the street on which the lot abuts, subject to the public easement."

The court also says, in the opinion:

"There can be no real difference between the conveyance of a lot or block numbered three, which is in fact bounded by a street, or in the conveyance of Black Acre, bounding it by a street or highway named. Unless the street or road is expressly excluded, the grantee takes to the center. It is unnecessary to cite authorities to this proposition. The dividing of land into lots, blocks and streets, and lots and blocks numbered, and all bounded by streets in fact, and described in the deed of their conveyance by number, cannot, by any means, be regarded as an express exclusion of the streets on which they abut, and without which the lots would be comparatively useless. So far from the streets being expressly excluded in conveyances of such kind, there is the strongest possible implication that they were intended to be included, because the price of the lots depends upon their location with reference to streets, and the vendor receives a consideration, not only for the precise amount of land described in the lot, but also for that used for the street on which the lot is bounded." (See also *City of Milwaukee v. Milwaukee & Beloit Railroad Co.*, 7 Wis. 76.)

But by statute, the common law remains in force in this state, "as modified by constitutional and statutory law, judicial decisions, and the condition and wants of the people." (Comp. Laws 1879, § 3, p. 1013; *K. P. Rly. Co. v. Nichols*, 9 Kas. 252.) The rule, therefore, of the common law as to the effect of a conveyance of a lot bounded upon a highway

remains in force in Kansas, except as modified as above indicated. The only modification is in the statute concerning dedications, *supra*. This does not in terms modify that rule. It modifies it only as it says that the dedicator has parted with the fee in the street, and has nothing but the lot to convey. It affects the conveyance only as it limits the title of the grantor. If it passes the fee to the county, then the dedicator has nothing but the lot to convey; if it leaves any interest in the dedicator, it to the same extent leaves unchanged the common law as to conveyances. The statute touches reservations and conveyances with equal hands. It limits the latter only because and so far as it has limited the former. If the dedicator may reserve nothing in the street, his conveyance of the lot passes nothing in the street, but if he reserves anything in the street, his conveyance of the lot passes the reservation. This argument, so clearly and forcibly put by the learned counsel for plaintiffs in error, seems to us as unanswerable. To hold that the express language of the statute may be limited at the discretion of the dedicator, and at the same time that an implied change founded upon this express language is without limit, is surely an unreasonable construction. An implied change should not be carried beyond an express one. A limitation upon the latter carries with it a limitation upon the former:

This conclusion compels a reversal of the judgment; for either the dedicator reserved nothing, or conveyed all it reserved to the plaintiffs in error.

The judgment will be reversed, and the case remanded with instructions to enter judgment for costs upon the agreed facts in favor of plaintiffs in error, defendants below.

All the Justices concurring.