George B. Wood v. The National Water Works Company of New York.

Town Site; *Fee of Streets; Public Use; Reservation by Grantor.* Where a proprietor laying off any city or town, or an addition to any city or town, under the provisions of chapter 78, Comp. Laws of 1879, makes out a map or plat thereof, and reserves for public uses streets and alleys, and acknowledges, certifies, files and records the same with the register of deeds of the county in which such city or town, or addition, is situate, the fee of the streets and alleys dedicated to public use vests absolutely in the county wherein such real estate lies, and the county forever afterward holds the property in trust for such use; but the city has control over it, as another agent of the public; and such streets and alleys, under the direction and control of the public authorities, are subject to be appropriated to all the uses to which the streets of a city are usually devoted, as the wants or conveniences of the people may render necessary or important. One of these uses is the laying down of water-pipes, to supply the inhabitants with water. *Held, also,* That where a proprietor has thus made, acknowledged, certified, filed and recorded a map and plat of city lots, and thereby, within the terms of the statute, made a complete dedication of the streets and alleys, a note or reservation written upon the map or plat, and signed by him in the following terms: " It is hereby expressly understood that no right or privilege whatsoever is hereby granted, conveyed or dedicated to any purchaser, excepting the simple easement or right of travel over said streets, avenues or alleys, but that all other rights and privileges are hereby expressly reserved to the undersigned proprietors," is inoperative and void as against the public, and does not in any way deprive the public or the city of the usual and necessary control of the streets, avenues and alleys.

*Error from Wyandotte District Court.*

ON May 15, 1883, *George B. Wood* filed in the district court
of Wyandotte county, against the defendant, *The National*
*Water Works Company of New York*, the following petition:

"And now comes the above-named plaintiff, George B. Wood,
and for cause of action against the above-named defendant,
the National Water Works Company of New York, a corpora-
tion duly organized under the laws of the state of New York,
and avers that he has a legal estate in and is entitled to the
possession of the land in James street, situated between Second
and Fourth streets in the City of Kansas, Kansas; that the
said plaintiff owns the said land in fee simple, subject to an
easement or right of the public to travel over the surface of
the same; that the said defendant, the National Water Works
Company of New York, unlawfully keeps the plaintiff out of
possession of said land below the surface of the said street.

" Wherefore, the plaintiff demands judgment that he have and
recover said land from said defendant below the surface of the
said street and subject only to the right of the public to travel
over the said surface of said land, and that the defendant be
excluded from any and all possession and estate in said land
below the surface thereof.

"*Second count:* And for a second cause of action in behalf
of said plaintiff and against the said defendant, the plaintiff
avers that the defendant is a corporation duly organized under
the laws of the state of New York, and doing business as a
water works company in Jackson county, Missouri; that the
plaintiff was on the 3d day of May, 1869, and still is, the owner
and proprietor of the following-described real estate, situated in
Wyandotte county, Kansas, viz.: All that parcel of land sit-
uated between Second street and Fourth street and the Kansas·
and Missouri rivers, now in the City of Kansas, Kansas; that
on the said third day of May, 1869, the said plaintiff, being the
owner in fee simple and proprietor of the said land and other·
lands contiguous thereto, laid out and platted such land into
town lots, made and caused to be made an accurate map or plat
of such land into town lots, in which map or plat there were
particularly set forth and described: First, all the parcels of
ground within such town, which town was known and desig-
nated in such map and plat as the City of Kansas, Kansas, re--
served for public purposes by their boundaries, course and

extent, that were intended for avenues, streets, lanes, alleys, commons, and other public uses; second, all lots intended for sale. That such map and plat was duly acknowledged, certified, filed and recorded with the register of deeds of Wyandotte county, Kansas; that in the note accompanying such map and plat, and which note was also filed in such office and made a public record with the said plat, the said plaintiff with other proprietors of land contiguous to the above-described land so platted made the reservation of title in and to the land so designated as streets as follows, to wit:

'*Know all Men by these Presents*, That we, George B. Wood and his wife Annie B. Wood, D. E. James and his wife Jennie James, and N. McAlpine, all of Wyandotte county, State of Kansas, proprietors of the several parcels of land as above described and set forth in this deed and as shown by the accompanying plat, do hereby convey to the public for their use, the streets, avenues and alleys named in the foregoing description according to the accompanying plat, to the extent that the said streets, avenues and alleys are embraced upon said plat within the boundaries of the tracts owned by each of us individually, reserving to ourselves and our legal representatives all rights and privileges whatsoever in and upon said streets, avenues, and alleys. It is hereby expressly understood that no right or privilege whatsoever is hereby granted, conveyed or dedicated to any purchaser, excepting the simple easement or right of travel over said streets, avenues, or alleys, but that all other rights and privileges are hereby expressly reserved to the undersigned proprietors; neither is there any right or privilege granted herein to the riparian rights of the Kansas river now owned by said proprietors, or to any ferry or bridge privilege whatsoever.

' In testimony whereof, the said D. E. James, his wife Jennie James, George B. Wood, his wife Annie B. Wood, and N. McAlpine and his wife Maria W. McAlpine, have hereunto set their hands and seals this 3d day of May, A. D. 1869.

GEO. B. WOOD. [Seal.]    MARIA McALPINE. [Seal.]
D. E. JAMES. [Seal.]    ANNIE B. WOOD. [Seal.]
NICHOLAS McALPINE. [Seal.]'

"And the plaintiff avers that in and by the terms and conditions of the said dedication and conveyance of said streets and other grounds marked on such plat, he only granted an easement or right to travel over such streets, and reserved all right and title to the soil in, to and below the said streets. And the plaintiff avers that James street, in said city, was one of the streets so dedicated. And the plaintiff further avers, that in consequence of such original ownership and proprietorship in such land, he is the unlimited owner in fee simple of the said streets, and was in the exclusive possession of said street, subject only to the easement or right of travel over the same.

"And plaintiff avers that, being so in possession of the same, on or about the 1st day of November, 1882, the said defendant and its agents, servants and employés, with force

and arms broke into and upon the said premises, ground and street so designated as James street, and between Second and Fourth streets, and dug up the soil and made deep ditches and excavations in said street so reserved by the plaintiff, and placed water-pipes and mains in such ditch, and still continues to use such ground for the purpose of conducting its water from its reservoir in Jackson county, Missouri, through, over, across and under said street in Wyandotte county, Kansas; that such unlawful breaking and entering upon said premises and land of this plaintiff was and is without the consent and against the will of this plaintiff; that in and by the said unlawful and forcible breaking and entry into and upon said premises the plaintiff has been damaged in the sum of twenty thousand dollars.

"Wherefore, the plaintiff demands judgment against said defendant for the sum of twenty thousand dollars, and costs of suit."

On June 23, 1883, the defendant filed the following answer:

"And now comes the said defendant, the National Water Works Company of New York, and for answer to the petition of the said plaintiff Geo. B. Wood, says:

"1. That it denies each and every allegation in said petition contained, except what is hereinafter admitted; and that said defendant is a corporation as therein alleged; and of this it puts itself upon the country.

"And for a further answer in this behalf, said defendant says:

"2. That on or about the 20th day of March, 1882, the city council of Kansas City, Kansas, it then and there being a municipal corporation and city of the second class duly organized under the laws of the state of Kansas, did, by an ordinance duly enacted by the mayor and councilmen of said city, give and grant to said defendant, for a valuable consideration, the privilege and right to enter upon the streets, avenues, alleys and other public grounds of said city, and lay therein its pipes for the conveyance of water to the citizens of said city; and that in pursuance of said grant, said defendant, as it had a perfect right to do, did enter upon said streets, avenues and alleys and public places, and did, at large expense, lay therein water-pipes for the purpose above stated; and that this is the same trespass complained of in said petition; and has continued to enjoy the same ever since without any objections from the adjacent property-owners:

"Said defendant further says, that the pretended reservation contained in the dedication as set out in said petition, is inconsistent with the grant to the public, and is absolutely void as against said defendant: all of which said defendant is ready to verify."

On June 26, 1883, the plaintiff filed the following demurrer to the second defense in defendant's answer:

"And now comes the said plaintiff, and for a demurrer to the second defense in defendant's answer contained, says: 'That the same does not state facts sufficient to constitute a defense to the plaintiff's cause of action, as stated in his petition.'"

At the July Term, 1883, the case came on for hearing before the court, upon the demurrer of plaintiff to the second defense in the answer. The same having been submitted to the court for decision, the court overruled the demurrer, and held that the second defense in the answer states a good and sufficient defense to the petition. To the order of the court overruling the demurrer the plaintiff excepted, and brings the case here.

*Stevens & Stevens*, for plaintiff in error.

*J. B. Scroggs*, and *Karnes & Ess*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff, George B. Wood, being the owner of land now in part embraced by the City of Kansas, in this state, in 1869 platted such land into blocks, lots, streets and alleys. He, with others who owned contiguous land and who joined in the platting of the city, attempted to make an express reservation by a note upon the map and plat of the city signed by them, in the following language:

"It is hereby expressly understood that no right or privilege whatsoever is hereby granted, conveyed or dedicated to any purchaser, excepting the simple easement or right of travel over said streets, avenues or alleys, but that all other rights and privileges are hereby expressly reserved to the undersigned proprietors."

Subsequently the defendant was authorized by the City of

Kansas to construct its water-mains through the soil below the streets of the city, and under such license proceeded to place the same under the streets, for the purpose of conducting its water from its reservoir in Jackson county, Missouri, into and through the city. The plaintiff alleges that the defendant has no right to enter upon the premises under the streets of the City of Kansas, without his consent, and that he has been damaged in the sum of $20,000 by the alleged wrongful action of the defendant.

It is claimed upon the record that two questions are presented for decision: *First:* Can the proprietor of land, platting and laying out the same into a city or town, under the provisions of §§ 1 and 6 of ch. 78, Compiled Laws of 1879, reserve the fee simple in the soil beneath the surface of the street so platted? *Second,* If this question be answered in the affirmative, then, under the language of the reservation in this case, had the defendant the right to enter upon such streets and excavate therein deep holes beneath the surface in which to lay its water-mains, through which to conduct water for sale where it might find a market for the same?

In disposing of this case upon its merits, it is unnecessary to decide whether a proprietor platting a city, or a part thereof, may reserve his right to the minerals beneath the surface of the streets. (*City of Dubuque v. Benson,* 23 Iowa, 248; *Tousley v. Mining Co.,* 24 Kas. 328.) In this case, the plaintiff did not reserve in himself the fee in the soil beneath the surface of the streets against the public generally, but his reservation was that no right or privilege whatsoever was granted, conveyed or dedicated to any *"purchaser,* excepting the simple easement or right of travel over said streets, avenues or alleys." Conceding, for the purposes of this case, that the proprietor platting a city or town may reserve for himself the right to all the minerals beneath the surface of the streets and alleys, including the right of mining all subterraneous veins of ore, he cannot, in our opinion, lay out and plat a city, or a part thereof, dedicating the streets and alleys for public uses, under the provisions of said chapter 78, and by such a reservation as

is stated in the note written upon the map or plat filed by him, limit or interfere with the use of the streets, avenues or alleys for public purposes.

Section 1 of said chapter reads:

"Whenever any city or town, or an addition to any city or town, shall be laid out, the proprietor or proprietors of such city or town, or addition, shall cause to be made out an accurate map or plat thereof, particularly setting forth and describing: *First*, all the parcels of ground within such city or town, or addition, reserved for public purposes, by their boundaries, course and extent, whether they be intended for avenues, streets, lanes, alleys, commons, or other public uses; and *second*, all lots intended for sale, by numbers, and their precise length and width."

Section 6 is as follows:

"Such maps and plats of such cities and towns, and additions, made, acknowledged, certified, filed and recorded with the register, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named or intended for public uses in the county in which such city or town, or addition, is situate, in trust and for the uses therein named, expressed, or intended, and for no other use or purpose."

Under the allegations in the petition, there was a perfect statutory dedication of the parcels of land named therein, for public purposes. (*City of Des Moines v. Hall*, 24 Iowa, 234.) In this state, the fee of all real estate, when dedicated to public use by the proprietor of any city, vests absolutely in the county wherein such real estate lies, and the county forever afterward holds the property in trust for such use; but the city has control over it as another agent of the public. (*Railroad Co. v. Garside*, 10 Kas. 552.) The power of the public over the streets of a city is not confined to travel only, but the public may construct drains, sewers, gutters, gas-pipes, cisterns, etc.; and in case of a dedication of the street, such uses are contemplated. The city corporation may make every use of a street which reasonably conduces to the public convenience and enjoyment. The use of streets for the purpose of laying

down water-pipes, stands upon the same principle as their use for sewers and gas-pipes. As cities of the second class in this state have power to supply the inhabitants with water, the authorities thereof may use, or, as an incidental power, may permit the contractor or other parties to use, the streets for this purpose. (Comp. Laws of 1879, ch. 19, §§ 31, 32, 36, 54, 61, 68; 2 Dillon on Mun. Corp. [3d ed.], §§ 688–697; *Commissioners v. Hudson,* 2 Beas. [N. J.] 420; *City of Cincinnati v. Penny,* 21 Ohio St. 499; *West v. Bancroft,* 32 Vt. 366; *Kelsey v. King,* 32 Barb. 410; *Warren v. Goodhaven,* 30 Mich. 24.)

After the plaintiff laid out and platted his town lots, and then acknowledged, certified, filed, and had recorded the map thereof in the office of the register of deeds of Wyandotte county, the fee of the streets and alleys vested in the county of Wyandotte, yet the control of such property is almost entirely and absolutely in the City of Kansas. The rights given by this dedication are not taken away by the attempted reservation written upon the map or plat, because such reservation must be deemed inoperative and void as against the public. It is not in accordance with the terms of the statute vesting the fee of the property dedicated for public use in the county, and to recognize such a doctrine would be not only to violate the statute, but would take from the direction and control of the public authorities the use of the streets for many necessary and important purposes for which streets are usually devoted to satisfy the wants and conveniences of the people. (*City of Des Moines v. Hall,* supra.)

We conclude that the defendant had the right, under the license granted it, to enter upon the streets in controversy and make excavations therein beneath the surface of the streets so as to lay its water-mains through which to conduct water to supply the inhabitants of Kansas City.

The order and judgment of the district court must be affirmed.

All the Justices concurring.