JOHN L. MARSH et al.

v.

THE VILLAGE OF FAIRBURY et al.

*Filed at Ottawa November 9, 1896.*

163  401
171  518
163  401
176  467
163  401
185  330
163  401
186  9349
163  401
197  1245
197  7247
163  401
200  2515
163  401
206  7198
163  401
210  1320

1. DEDICATION—*requisites of statutory dedication vesting title to streets and alleys.* By surveying and platting grounds, and acknowledging and recording the plat in pursuance of the statute, the legal title to streets, alleys and public grounds is vested in the municipality in trust for the public.

2. SAME—*how a common law dedication may be made.* A common law dedication to public use may be made by grant or other written instrument, by acts or declarations, or by survey and plat recorded without being acknowledged.

3. SAME—*what sufficient to show an intention to dedicate.* Whatever evidences a purpose on the part of a proprietor of lands to set off certain parts for the use of the public is sufficient to evidence an intention to dedicate to public use.

4. SAME—*legal title to land dedicated at common law remains in proprietor.* The legal title to land dedicated at common law remains in the proprietor, charged with the same burden which it would have if the fee was in the municipality for the use of the public.

5. SAME—*defective acknowledgment under statute—common law dedication.* A plat acknowledged before a clerk of court instead of a judge or justice, as required by the statute, though insufficient as a statutory dedication, amounts to a dedication at common law of the public grounds shown thereon when recorded.

6. SAME—*to municipality not yet incorporated is good.* A dedication at common law of a public park is not prevented by the fact that at the time no municipality is incorporated capable of taking the

grant, but whatever rights exist in the public by such dedication become vested in the municipality when it becomes incorporated.

7. SAME—*rights of purchasers of lots not affected by conduct of municipal authorities.* The rights of individual purchasers of lots, with reference to a plat, to have a block set out as public grounds kept open for public use, are not affected by failure of the municipal authorities to accept a dedication of such ground.

8. SAME—*acts of individuals do not affect rights of the public.* The rights of the public and others to land dedicated as public grounds cannot be affected by an agreement entered into between the widow of the original owner and his heirs assigning dower in such land.

9. COVENANTS—*when implied covenant arises in favor of purchaser.* An implied covenant of the existence and use of streets, alleys and public places appurtenant to a particular lot upon a plan of a town exhibited by the owner of land, showing streets and alleys, arises from his exhibition of such plan to purchasers of such lot, with a representation that it is the plan of the town.

APPEAL from the Circuit Court of Livingston county; the Hon. THOMAS F. TIPTON, Judge, presiding.

C. C. STRAWN, and A. C. NORTON, for appellants:

In cases of dedication by acts or user the fee remains in the original proprietor, burdened with the public easement. *Railroad Co.* v. *Hartley,* 67 Ill. 438; *Bank* v. *Ogden,* 69 U. S. 57.

Evidence of acceptance by the proper public authorities must be clear. *Chicago* v. *Drexel,* 141 Ill. 89.

The statute having expressly required that plats of subdivisions of land shall give names of streets, where such requirement is not complied with the plat cannot have the force of a statutory conveyance. *Lake View* v. *LeBahn,* 120 Ill. 100; *Auburn* v. *Goodwin,* 128 id. 57; *Princeville* v. *Auten,* 77 id. 325; *Winnetka* v. *Prouty,* 107 id. 218.

An acceptance of a part is no acceptance of the whole. *Field* v. *Manchester,* 32 Mich. 279; *Kennedy* v. *Cumberland,* 65 Md. 514; *Bell* v. *Burlington,* 68 Iowa, 296; *State* v. *Trask,* 6 Vt. 355; *Wolfskill* v. *Los Angeles,* 86 Cal. 405; *Hall* v. *Meriden,* 48 Conn. 416; *Winnetka* v. *Prouty,* 107 Ill. 218.

A dedication is, before acceptance, a mere offer, which the owner of the land may revoke at any time. *County*

*of Wayne* v. *Miller,* 31 Mich. 447; *Field* v. *Manchester,* 32 id. 279 ; *Baker* v. *Johnson,* 21 id. 319 ; *Phillips* v. *Day,* 82 Cal. 24; *Wolfskill* v. *Los Angeles,* 86 id. 405 ; *Littler* v. *Lincoln,* 106 Ill. 353; *Winnetka* v. *Prouty,* 107 id. 218 ; *Forbes* v. *Balenseifer,* 74 id. 183 ; *Trustees* v. *Walsh,* 57 id. 363; Mill's Thompson on Highways, (5th ed.) 52.

C. F. H. CARRITHERS, EDGAR A. AGARD, and N. J. PILLSBURY, for appellees:

The donor of public ground is estopped from denying the force and effect of his dedication. *Princeville* v. *Auten,* 77 Ill. 325.

The present dedication implies a grant that the public square shall forever be open to the use of the public. *Gridley* v. *Hopkins,* 84 Ill. 528; *Maywood Co.* v. *Maywood,* 118 id. 61; *Smith* v. *Flora,* 64 id. 93; *Smith* v. *Heath,* 102 id. 130.

Dedication may be made by survey and plat alone, where it is evident from the face of the plat that it was the intention to set apart lands to the public. . *Maywood Co.* v. *Maywood,* 118 Ill. 61; *Godfrey* v. *Alton,* 12 id. 29; *Warren* v. *Jacksonville,* 15 id. 236; *Waugh* v. *Leech,* 28 id. 488; *Smith* v. *Flora,* 64 id. 93.

It is not essential that there should be any prescribed formal act of acceptance, but there must be user, or some other act indicating acceptance, by those authorized in such matters to represent the town and complete the dedication. *Gentleman* v. *Soule,* 32 Ill. 271; *Reese* v. *Chicago,* 38 id. 322; *Insurance Co.* v. *Littlefield,* 67 id. 368; *Princeton* v. *Templeton,* 71 id. 68; *Fisk* v. *Havana,* 88 id. 208.

Public highways and footways may be created by dedication or prescription. (*Tyler* v. *Sturdy,* 108 Mass. 106; *Good* v. *Boston,* 120 id. 300.) And public squares, parks and commons may be dedicated in the same manner. *Mayer* v. *Franklin,* 12 Ga. 239; *Mowery* v. *Providence,* 10 R. I. 52; *Cincinnati* v. *White's Lessees,* 6 Pet. 431; *State* v. *Wilkinson,* 2 Vt. 480 ; *Waterson* v. *Cohen,* 4 Paige, 510; *Pearsall* v. *Post,* 20 Wend. 111, and 22 id. 435.

Dedications of land for charitable and religious purposes are valid without any grantee to hold the fee. The principle upon which they are sustained sustains the dedication of streets, squares and commons. *Cincinnati* v. *White's Lessees,* 6 Pet. 436; *Beatty's case,* 2 Pet. 256; *Paulett* v. *Clark,* 9 Cranch, 292; *Lade* v. *Shepherd,* 2 Strange, 2004; 12 Wheat. 582; *Mayer* v. *Franklin,* 12 Ga. 244.

When Marsh sold lots in this addition with reference to the recorded plat of the addition, then the dedication became absolute and irrevocable. *Mayer* v. *Franklin,* 12 Ga. 244; *Gridley* v. *Hopkins,* 84 Ill. 528; *Smith* v. *Flora,* 64 id. 93; *Maywood Co.* v. *Maywood,* 118 id. 304; *Smith* v. *Heath,* 102 id.. 140; *Lake View* v. *LeBahn,* 120 id. 101; *LaBreaton's case,* 72 Cal. 170.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

In 1857 a tract of land owned by Patton & Chanute was platted, acknowledged and recorded as the original town of Fairbury, in Livingston county, Illinois. In July, 1859, John L. Marsh, Sr., the owner of the land adjoining the original town, caused it to be surveyed into blocks, lots, streets, alleys and public grounds. The plat was certified by the surveyor and himself, and he acknowledged the same before the clerk of the circuit court and had the same recorded. At the time this plat was acknowledged and recorded the statute then in force required such plat to be acknowledged before a justice of the Supreme Court, a judge of the circuit court or a justice of the peace. On the plat so made and recorded block 10 is not laid off into lots, but is noted as a public square. By the certificate the streets, alleys and public square are dedicated to the use of the public forever by the owner who platted the same. At the time this plat was filed there was no incorporated town, village or city of Fairbury. The town of Fairbury was incorporated in 1864, and included the territory within both these plats.

After its incorporation the proper town authorities took charge of the streets, alleys, grounds, etc., improved the streets, and did other work of a public nature and for the public benefit.   John L. Marsh, Sr., resided in block 11, opposite the public square, from the time of the incorporation of the town, and prior thereto, until his death, in 1885.   After filing this plat for record lots were sold by Marsh with reference to it, and some of those sold fronted on the public square, and representations were made to the purchasers that that was a cause for their being more valuable and desirable.   The conveyances made described the lots as being in Marsh's addition to the town of Fairbury.   In all of the acts of Marsh he recognized the plat as valid.   Some time before the commencement of this suit, the defendant John L. Marsh, Jr., a grandson of John L. Marsh, Sr., who was the proprietor of said addition, acting for himself, his mother and sister, Mrs. Fleming, threatened to put up buildings upon block 10 and exclude the public from said square, whereupon the village filed the original bill herein for an injunction and to have its rights to said public square adjudicated.   Subsequently, certain lot owners who had purchased lots fronting said square obtained leave to come in as co-complainants in said bill.   After issue joined the cause was referred to the master to take proofs and report the same, with his conclusions.   The master took the proof and found the facts and the law to be in favor of the complainants, and a decree was entered by the court in accordance with the report of the master.   Elizabeth G. Marsh, one of the defendants, was the wife of John L. Marsh, Sr., at the time the plat was recorded, and still survives.   No taxes were levied or assessed on block 10.   Much evidence was taken to show the control exercised over block 10 by John L. Marsh, Sr., in his lifetime.   After the death of John L. Marsh, Sr., it is claimed his widow and heirs assigned dower by mutual agreement.   The defendants

assign as error the decree finding block 10 is held by the village of Fairbury for public use.

Under the facts appearing in this record, individual private rights, as well as those of the public to the public square platted as block 10 in Marsh's addition to the town of Fairbury, are involved. Different principles apply to the rights acquired by individuals and those acquired by the public where lots are sold and a plat is made and exhibited at the time of the sale of the lots to the individuals, and the right acquired by a dedication or grant to the public. By surveying, platting, acknowledging and recording a plat in pursuance of the statute, the legal title to the streets, alleys and public grounds is vested in the municipality, in trust for the public. A common law dedication to public use may be made by grant or other written instrument, by acts or declarations, or by a survey and plat recorded without being acknowledged. Whatever evidences a purpose on the part of a proprietor of lands to set off certain parts thereof for the use of the public will be sufficient to evidence an intention to dedicate to such use. Where a common law dedication is made, the legal title to the land so dedicated remains in the proprietor, charged with the same burdens which it would have if the fee was in the corporation for the use of the public. If an owner of land exhibits a plan of a town, laid out with designated streets and alleys, and sells lots to individuals representing to them that it is the plan of the town, and a purchaser of a lot acquires it under such representations, then every easement, advantage and privilege which the plan represents, which is appurtenant to such particular lot, will belong to it, and a grant or covenant of the existence and use of such streets, alleys and public grounds so appurtenant will be implied to the extent indicated on the plan. Such appurtenant streets, alleys and public grounds, as to such purchaser, must remain open forever to the use of the public. Such purchaser's

rights against a proprietor may be enforced as individual rights, because the law considers the conduct of the vendor in such case to be such that it is, in effect, an estoppel *in pais* against a private right in such vendor to close such streets, alleys and public grounds.

The plat in this case was not acknowledged before the officer designated by the statute. But for that defect it would have been a statutory dedication. Notwithstanding this defective acknowledgment it amounted to a dedication at common law of block 10 in Marsh's addition to the village of Fairbury. The objection that there was no municipality capable of taking the grant can have no force. If the statutory dedication had been effected the fee of the streets and block 10 would have remained in abeyance, and have vested in the municipality when the town was incorporated. (*Canal Trustees* v. *Haven*, 11 Ill. 554; *Waugh* v. *Leech*, 28 id. 488; *Gebhardt* v. *Reeves*, 75 id. 301; *Village of Princeville* v. *Auten*, 77 id. 325; *Village of Brooklyn* v. *Smith*, 104 id. 429.) Not being strictly a statutory dedication, the fee of the streets, alleys and block 10 remain vested in Marsh, burdened with the right of the public to use the same, by reason of his acts being a dedication at common law. *Manly* v. *Gibson*, 13 Ill. 308; *Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet*, 79 id. 25; *Maywood Co.* v. *Village of Maywood*, 118 id. 61; *City of Cincinnati* v. *White's Lessee*, 6 Pet. 431.

Whatever rights existed in the public by this common law dedication became vested in the municipality when it became incorporated. But in connection with these public rights those who purchased lots fronting on this park took with reference to the plat and had an appurtenant right therein, which was their own property as a right appurtenant, and that was to have the streets and block 10 remain open for public use. The vendor, or those privy to his title, would, by his acts in platting and selling lots by this plat, be estopped from inclosing block 10 as private grounds. Such being the case, the

question as to whether or not the village authorities accepted the dedication of that block would not defeat the right of individual purchasers from asserting their rights to have the same open forever for the use of the public. The rights of the village of Fairbury, as trustee for the public, and the rights of individual lot owners in their own interests, are, in their results, of such a similar character that the parties may unite as complainants in one bill to prevent an invasion of their rights by the acts of the defendants. *Green* v. *Oakes*, 17 Ill. 249; *Gage* v. *Chapman*, 56 id. 311; *Trustees* v. *Cowen*, 4 Paige, 510; *Maywood Co.* v. *Village of Maywood, supra.*

The evidence shows that Marsh erected a fence around block 10, and used it as a pasture, planted trees thereon, etc. It is shown he was desirous of inducing others to build on his addition, and to adorn and beautify that addition by planting trees in the public square would not be inconsistent with a public use, and whilst he was depasturing that block there were turn-stiles or other openings to allow the public access to the same. He had not been in open, exclusive and notorious possession of the block since the original plat was made.

Regardless of the question of the rights of dower in the widow of the original proprietor, it is apparent from this evidence that the heirs of that proprietor could not, as to this block, enter into an agreement assigning dower, affecting the rights of the village and others interested, without their being parties to the agreement. Whatever rights of dower, if any, exist in the widow of the original proprietor, under the issues in this case could not be settled.

From a consideration of this record we find no cause to disturb the decree of the circuit court, and it is affirmed.

*Decree affirmed.*