C. P. JOCHIMSEN, Appellee, v. ANDREW JOHNSON, Appellant.

**HOMESTEAD: Transfer or Incumbrance—Agreement to Convey Ease-**
1   **ment—Wife Not Signing—Effect.** A written contract to convey to the public an easement only, across a homestead, may be specifically enforced though only signed by the husband, who owns the property, the easement not being such as to affect the substantial enjoyment of the homestead as such. So *held* under a contract to convey a strip of land *for an alley.* (Sec. 2974, Code, 1897.)

**DEDICATION: Nature and Requisites—Intention—Acceptance.** No
2   particular formality is required to constitute a dedication of land to a public use. Any act or declaration, whether written or oral, which clearly *expresses an intention* to dedicate, will constitute a dedication, if accepted by the public.

    **PRINCIPLE APPLIED:** Plaintiff owned land immediately north of and abutting on defendant's land. Plaintiff agreed to

give a strip of land along the east side of his property for an alley. Defendant in return agreed, in writing, to give a strip of land along the north side of his land for an alley. The two strips joined. Both opened upon public streets. Plaintiff afterwards built a store building along the north side of the strip which defendant had agreed to give. This strip was used, generally, by the public without objection from defendant. Subsequently, it was paved and paid for by plaintiff and defendant. *Held,* a dedication was clearly shown.

*Appeal from Woodbury District Court.*—JOHN F. OLIVER, Judge.

WEDNESDAY, JANUARY 19, 1916.

ACTION for a specific performance of a contract to give a certain strip of land as a public alley. Decree for the plaintiff. Defendant appeals.—*Affirmed.*

*C. N. Jepson* and *J. F. Stecker,* for appellant.

*Edwin J. Stason,* for appellee.

GAYNOR, J.—Action for specific performance of a written contract to give a certain strip of land to be used as an alley. The only substantial defense is that the land from which the alley is to be taken was a part of defendant's homestead, and that the wife did not join in the execution of the contract sought to be enforced. Decree was entered for the plaintiff in the following words:

"DECREED by the court that the plaintiff have judgment against the defendant, Andrew Johnson, for the specific performance of the contract, entered into by and between the plaintiff and the defendant under date of April 29, 1908, and the defendant is hereby adjudged and ordered to convey to the city of Sioux City, an easement of way for a public alley over and along a strip of land 12 feet in width, being the north 12 feet of Lots 2 and 15 in Block 4 of Holman's Addition to Sioux City, Iowa, and extending from Morningside Avenue east to the east line of the alley running north and

south through Block 25 of Table's Addition to Sioux City, Iowa, projected upon said Lot 2, and it is further ordered that said defendant execute a deed in proper form, properly acknowledge the same and deliver to the clerk of Sioux City, conveying such easement to said city within 30 days of the entry of this decree, or within 30 days of the date of the final determination of this cause in the Supreme Court.''

The contract sought to be enforced is in the following words, and was signed by the plaintiff and the defendant, but not by the defendant's wife:

"It is hereby agreed by and between C. P. Jochimsen and Andrew Johnson that in consideration of certain transfers of portions of a lot and other property and the giving of a certain note that C. P. Jochimsen shall give for the purpose of an alley that part of Lot 1 in Block 4 in Holman's Addition that shall lie south of the south end of the alley running north and south through Block 25, Table Addition, or Block One, Rose View Addition, as now platted, and Andrew Johnson agrees to give for an alley a strip of land lying along and being the north part of Lots 2 and 15 in Block 4, Holman's Addition, not less than 12 feet in width and extending from Morningside Avenue on the west to the east line of the alley running north and south through Block 25, Table Addition, projected upon Lot 2 in Block 4 in Holman's Addition. Said Jochimsen shall release to said Johnson all right to that part of the public alley lying east of Lots 14 and 15 in said Block 4 of Holman's Addition and south of the alley to be given by the said Johnson as aforesaid. Said proposed alleys to be made public alleys within one year, and the part of the public alley which Jochimsen is to release to be vacated for the benefit of the said Johnson at the same time, said Johnson to procure the proper consent of the public authorities to vacate the same.

"Dated this April 29th, 1908.''

It appears that at the time this contract was entered into, the plaintiff was the owner of Lots 16 and 1 and the defendant was the owner of Lots 15 and 2 and 3 shown upon the plat herewith attached; that plaintiff was, at the time, occupying as a homestead Lot 2. The alley referred to in the written contract is the alley running east and west between Lots 15 and 2 on the south and Lots 16 and 1 on the north, and is 12 feet wide. For a better understanding of the situation, we set out herewith what is conceded to be a correct plat of the ground covered by the contract and land adjacent thereto.

The record discloses that, after the making of this contract and on the 19th day of January, 1910, the defendant, with others, filed a petition addressed to the mayor and council of Sioux City, in the following words:

"The undersigned, being the owners of all of the lots and property adjacent to the parts and portions of alleys hereinafter described, respectfully ask that said parts and portions of alleys be vacated, as set forth hereafter. That part of the alley in Block 4, running East from Cecilia Avenue to Morn-

ingside Avenue, and that the said part so vacated be turned over to the park commissioners and the city of Sioux City for park purposes; that the alley in the said Block 4 in Holman's Addition running north from the north side of Morningside Avenue to the north line of the said Block 4 in Holman's Addition, and that the part of the alley so vacated be turned over to and become the property of the owners of lots lying adjacent to the property so vacated in such proportions as the property belonging to any owner lying adjacent bears to all the property lying adjacent to such vacated part of the alley; that the part of the alley running east from Cecilia Avenue to Morningside Avenue being situated between Lots 12 and 13 in Block 4 is of no possible use except to the owners of said lots, both of whom join in this petition; that the portion of the alley running north from Morningside Avenue to the north line of said Block 4 is of no possible use except to the owners of the lots lying adjacent to the south part of the said alley, as said alley does not connect on the north with any street or alley, and cannot be used except by owners of property lying immediately adjacent thereto."

This petition was signed by the Sioux City Park Commission, owner of Lot 13 and part of Lots 14 and 15, and by the plaintiff, owner of Lots 12, 1 and 16, and by the defendant, owner of Lots 2 and 3 and part of Lots 14 and 15.

On the 7th day of February, 1910, the city of Sioux City, in pursuance of said petition, executed to the defendant the following instrument of conveyance:

"KNOW ALL MEN BY THESE PRESENTS:—

"That the city of Sioux City, Woodbury County, Iowa, in consideration of one dollar in hand paid by Andrew Johnson of Woodbury County, Iowa, do hereby release, remise and quitclaim unto the said Andrew Johnson, all its right, title and interest in and to the following described premises, situated in the county of Woodbury and state of Iowa, to wit: All that portion of the north and south alley in Block 4 of

Holman's Addition to Sioux City, Iowa, lying between Lots 2 and 3 on the east and Lots 14 and 15 on the west."

On the same day, to wit, February 7, 1910, the city of Sioux City quitclaimed to the plaintiff all its right, title and interest in "that part of the north and south alley in Block 4 of Holman's Addition to Sioux City lying between Lots 1 and 16 in said block".

On the 10th day of June, 1913, the plaintiff and his wife, by warranty deed, conveyed to the city of Sioux City "that part of Lot 1 in Block 4 in Holman's Addition to Sioux City that lies south of the south end of the alley running north and south through Block 25, Table Addition to Sioux City, now a part of said block, the property so conveyed to be used for an alley".

Thus it will be noticed that all the provisions of the contract involved in this suit have been complied with, except that part now sought to be enforced in this action. The plaintiff gave for the purposes of an alley "that part of Lot 1 in Block 4 in Holman's Addition that lies south of the south end of the alley running north and south through Block 25, Table Addition", as required by the terms of the contract in suit. The plaintiff released to Johnson all right to the public alley lying east of Lots 14 and 15 in Block 4, and the city of Sioux City vacated and quitclaimed all its interest in the same to Johnson, the defendant. It is apparent, therefore, that the defendant has had all the benefits of this contract with the plaintiff, and there is no equity in defendant's favor in this cause.

Johnson testifies: "I lived on Lot 2 at the time the contract was made. I now live on Lot 3. I have lived there about six years. I have been running my store on Lot 15. Plaintiff's store is north of mine about 16 feet. That 16 feet is paved. I paid for part of the paving and the plaintiff paid for part. He paid along his building. I don't remember

when it was paved. I let anyone drive in the alley (meaning the alley in controversy). They come in back of the plaintiff's store and turn around and go out again in the same alley. They cannot turn behind my store. There is nothing to show where the old alley was (meaning the alley shown upon the plat immediately east of Lot 15, vacated by the city and quitclaimed to the defendant on the 7th day of February, 1910, as shown by the deed hereinbefore set out). I have built over and used this alley. The plaintiff built his store on Lot 16 after the contract in question was executed."

This brings us to a consideration of that portion of the contract in question upon which plaintiff predicates his right to relief. The provisions of the contract are: (1) An agreement on the part of the plaintiff to give for the purpose of an alley certain land; (2) Defendant Johnson agrees *to give* for an alley a strip of land lying along and being the north part of Lots 2 and 15 not less than 12 feet in width; such alley, when so given, to be made a public alley within one year. This alley is shown on the plat hereinbefore set out as extending between Lots 16 and 1 on the north, and Lots 15 and 2 on the south, and is now paved and used. It is the contention of the defendant that this contract to *give* made by the defendant, cannot be enforced against him because of the provisions of Section 2974 of the Code of 1897 which reads as follows:

1. HOMESTEAD: transfer or incumbrance: agreement to convey easement: wife not signing: effect.

"No conveyance or incumbrance of or contract to convey or incumber a homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument."

It is claimed that this contract is a contract to convey or incumber a homestead or a portion of it, and is, therefore, invalid. This could only relate, however, to the portion of Lot 2, the homestead at the time, and does not have relation to, or affect any right which the contract gives to Lot 15, for

the statute further provides that the contract may be enforced as to real estate, other than the homestead, at the option of the purchaser or incumbrancer.

It will be noted that Johnson does not agree in his contract to give this land to any particular person. He agrees to give it for an alley, and that the alley, when so given, shall be a public alley within one year. After the execution of this contract, the plaintiff built his building on the north. A space was left between the building for some purpose. The purpose is indicated by the fact that it was subsequently paved. It has been used without objection by the defendant as a public driveway, as a public alley, at least as far back as the rear of plaintiff's store, and we presume as far back as Lot 2. The plat, which is said to be a true plat of the ground as it now stands, or as it stood at the time of the trial, shows the alley paved back over a portion of Lot 2.

In construing language used, we must give to the words used that meaning which it is apparent from the whole context that the parties gave to it at the time of its use. The defendant agreed to *give* a public alley 12 feet wide along the north part of Lots 2 and 15. He exacted a consideration for this agreement to give. He recognized the agreement by leaving the space open, and by contributing to the paving of the strip, and by consenting to the use of it as an alley. He says, "I let anyone drive in the alley." We think that there was a clear expression of intent to dedicate this strip of land to a public purpose at the time of the making of this contract, followed by an actual opening of the alley and an actual devotion of it to public use.

2. DEDICATION: nature and requisites: intention: acceptance.

The intention of the owner to dedicate is a vital element in every case, and the intention is a pure question of fact. The intention to dedicate in this case is manifested by the written instrument. The manner of making the dedication is immaterial. All that is necessary is that there be made manifest a purpose, on the part of the owner, to devote it to public use,

followed by such acts as indicate a purpose of surrendering a right to the public for the use to which it was devoted, and a use by the public for that purpose. Any act done by the owner, in setting apart a portion of his property to the public use, clearly showing that such was his intent, vests the right to use it in the public, for the purposes indicated, and, when actually thrown open, the public may take possession. No formal evidence of such dedication is necessary.

"A common-law dedication to public use may be made by grant or other written instrument, by acts or declarations, or by a survey and plat recorded without being acknowledged. Whatever evidences a purpose on the part of the proprietor of land to set off certain parts thereof for the use of the public will be sufficient to evidence an intent to dedicate it to such use."

See Words and Phrases, Volume 2, Page 1910. See, also, *Marsh v. Village of Fairbury*, 163 Ill. 401 (45 N. E. 236).

"As no grantee or body politic is necessary to accept the dedication immediately, it follows that it may be a dedication designed by the owner to be accepted by the public *in praesenti*, or *in futuro*. The character and scope of the dedication depends upon the intention of the dedicator, expressly manifested, or to be gathered from all the circumstances of the case. There is nothing in the nature of the legal act of dedication to prevent its being a dedication *in praesenti* to be accepted or used *in futuro*."

See Words and Phrases and *Mayor of Jersey City v. Morris Canal & Banking Co.*, 12 N. J. Eq. 547, 562.

We take it that there was a purpose on the part of the defendant, to dedicate this strip of land to a public use for a public alley; that this purpose and intent was afterwards executed by opening and paving the alley, or contributing to the opening and paving of it. By this dedication, the public acquired simply an easement in the land to the extent of the dedication. See *City of Dubuque v. Benson*, 23 Iowa 248.

In that case, it was held that, where a strip of land is dedicated for a street or alley, and for that purpose only, notwithstanding the provision of the statute that the acknowledgment and recording of a town plat should operate as a conveyance in fee for the use of the public, the city takes only an easement in the streets and the right to work them as a public highway.

A dedication does not convey the title, when, in the act of dedication, the use only is given to the public, and that, for a specific purpose, and by such dedication, the corporation representing the public takes only an easement in the streets, and the right to work them as a public way. It follows, therefore, under the holdings of this court, that the agreement sought to be enforced was not in contravention of the statute invoked, requiring an agreement to convey or to incumber real estate to be signed by the wife. See *Chicago & S. W. R. Co. v. Swinney*, 38 Iowa 182. In this case, the same question here under consideration was involved. The question there propounded and answered was: Can a husband grant a right of way to a railroad over the homestead property, unless the wife concurs in and signs the conveyance? This question was answered in the affirmative, and it is said:

"The right of way is but an easement and does not pass the title; and, in this case, it does not, and is not claimed, to affect the substantial enjoyment of the homestead as such."

In the case at bar, this Lot 2, affected by this contract, had been abandoned as a homestead for six years. See *Ottumwa, C. F. & St. P. R. Co. v. McWilliams*, 71 Iowa 164, 168; *Stokes v. Maxson*, 113 Iowa 122, particular point discussed in second division of the opinion; *Maxwell v. McCall*, 145 Iowa 687, 691, and cases therein cited.

As the only point discussed upon this appeal, and the only contention made by the defendant for reversal, are that the contract sued on is void because not executed by the wife jointly with the husband, we do not consider any other question in the case, and, holding as we do, that the purpose and effect of the instrument was simply to dedicate to public use

as an alley the strip of land described in the contract, and did not involve the title to the land conveyed, we reach the conclusion, under the authorities above cited, that the contract is not void for the reasons urged, and that the decree of the district court is right, and should be affirmed.— *Affirmed.*

EVANS, C. J., DEEMER and LADD, JJ., concur.