A. J. BROWER et al., Appellees, v. WILLIAM WALKER, Appellant.

SPECIFIC PERFORMANCE: Contracts Enforceable—Contract to 1 Donate Land for Highway. A mutual agreement between owners of land which lies both within and without city limits, by which each owner agrees to give sufficient of his land for a continuous public highway along his premises, is, after per-

formance by those who are within the city limits, and after the expenditure of public funds by the city in the way of improvements, specifically enforceable against him whose lands are outside said city limits, even though the latter's promise is only oral.

HOMESTEAD:    Transfer or Incumbrance—Agreement to Convey
2  Easement—Specific Performance. The agreement of the owner of a homestead to convey an easement therein may be specifically enforced, even though the wife of the owner does not join therein.

*Appeal from Woodbury District Court.—J. W. ANDERSON, Judge.*

FEBRUARY 8, 1918.

SUIT in equity for specific performance. The parties to the controversy are owners in severalty of lands abutting on each side of a section line. There were five or six of such abutting owners. They were all more or less desirous of having a street and highway laid and opened along such section line. It is claimed on behalf of the plaintiffs that each agreed to donate the necessary strip of ground opposite his land for such purpose. The agreement was performed by all the parties except the defendant; hence this suit for specific performance. The trial court awarded decree for the plaintiffs, and the defendant has appealed.—*Affirmed.*

*Pendleton & Wakefield,* for appellant.

*Winfred Dutton* and *Jepson & Struble,* for appellees.

1. SPECIFIC PERFORMANCE: contracts enforceable: contract to donate land for highway.

EVANS, J.—The following plat will be of aid to an understanding of the nature of the controversy. The section corner appearing thereon is the common corner between said Sections 4, 5, 8, and 9. Walker Street is on the section line between Sections 4 and 5. The east line of Walker Street represents the east line of the city corporation of Sioux City.

The negotiations between the parties began in 1911, and extended more or less into 1912. Walker was active in promoting the enterprise. Lorraine Avenue, as it appears upon the plat, was laid out by the city in pursuance of the alleged agreement of the parties, the abutting owners, Brower, Young, Dutton, and Ralston, conveying to the city the necessary ground for that purpose. Walker Street was also laid out and opened, with the aid of some of the con-tracting parties. Walker's residence was upon a four-acre tract, the northwest corner of which cornered upon the city plat. At the time the negotiations were undertaken, Walker had no outlet in any direction from his land. Each of the parties to the alleged agreement, except Walker, execut-ed a writing of some kind, indicating his agreement. Sever-al of them executed deeds. Humbert executed a written contract. The necessary deeds for the establishing of Lor-raine Avenue were delivered to Walker, who delivered the same to the city council. The council accepted the same, and immediately established the street, and incurred con-siderable expense in improving the same. Humbert executed a written contract, and delivered the same to Walker. There is much in the circumstances to indicate that Walk-er was particularly active in the promotion of the scheme, and that this, perhaps, was the very reason why nobody pressed him to the execution of a writing, as he pressed the others. The scheme contemplated the opening of a street and highway from Lakeport Avenue along the line of the present Lorraine Avenue through to the Elk Creek road. Lakeport Avenue runs north from the west end of Lorraine Avenue. It will be noted that that part of the scheme which is located outside of the city limits must be carried out through the establishment of a highway by the board of supervisors. The claim for the plaintiffs is that, after the opening of Lorraine Avenue and Walker Street, the interest of the defendant in the scheme lagged, and that he first

neglected to convey, and afterwards refused to do so without compensation. The trial court found the facts against the defendant. The decree entered requires him to perform the alleged agreement. Its terms protect him fully in his right of reversion, in the event that the ground shall cease to be used as a highway, or in the event that the board of supervisors shall fail to establish the same. It will serve no useful purpose that we discuss the weight of the evidence. All the parties in interest appeared as witnesses against the defendant. The clear preponderance of the evidence is against him. In the main, only the question of fact is involved. The defendant pleads his homestead rights, and pleads the invalidity of an oral contract affecting the same. He pleads, also, that his wife was not a party in any way to the negotiations or to the contract, if any. We have heretofore held that such a contract as here involved is not deemed to be an invasion of the homestead right. *Maxwell v. McCall,* 145 Iowa 687, 691; *Jochimsen v. Johnson,* 173 Iowa 553; and cases therein cited. We find in the record no ground for interfering with the decree of the lower court, and it is accordingly—*Affirmed.*

2. HOMESTEAD: transfer or incumbrance: agreement to convey easement: specific performance.

PRESTON, C. J., LADD and SALINGER, JJ., concur.