## MORGAN *et ux.* v. CORBIN.

| 21 | 117 |
|----|-----|
| 94 | 534 |

1. Descent: PURCHASER. One taking property by descent does not occupy the position of *bona fide* purchaser. The possession of real estate by the heir follows that of the ancestor; subject to the right of third persons therein or to property thereon.

*Appeal from Boone District Court.*

THURSDAY, JUNE 28.

TRESPASS, for taking and carrying away a black walnut log or logs from plaintiff's land. Plaintiff Mary Morgan,

was formerly the wife of one Nutt, who was the owner of the land, and from whom it descended to her. The testimony tends to show that defendant formerly owned the land, and while such owner the tree was cut down; that during Nutt's lifetime, the tree thus upon the ground was bought and paid *for* by defendant, of which Mrs. Morgan had due notice. The court, upon these facts, instructed the jury, that if the property had passed to the possession of plaintiffs, and they were so in possession when the log was removed, defendant would be liable for the value thereof, and his purchase would afford him no protection. To this defendant excepted, and to reverse the judgment now appeals.

*Jno. A. Hull* for the appellant.

*I. J. Mitchell* for the appellee.

WRIGHT, J.—This instruction was erroneous. The heir is not thus protected in property taken by devise or

1 DESCENT: purchaser.

descent. He is not a purchaser. The contract of the ancestor must be observed, and if there was a sale of the logs by him, and payment therefor, the possession of the heir followed that of the ancestor, subject to the rights of third persons in and to the same, or any property thereon. The instruction ignores completely the distinction between the rights of one taking by descent and those of a *bona fide* purchaser. As the ancestor could not recover for the value of the tree or logs, after being paid for the same, neither could plaintiffs, who take the land, not by purchase, but by descent. The proposition is so plain as not to need more than its statement. As to the rights and liabilities of one taking by descent, see generally, 4 Kent, 419–422 (2d ed.); *Wood* v. *Manly*, 11 Ad. & El., 34; *Nettleton* v. *Sikes*, 8 Metc., 34; *Wilde* v. *Carlitton*,

1 Johns. Cas., 123; *Pierpont* v. *Barnard*, 6 N. Y., 379; *Miller* v. *Auburn and Syracuse Railroad Company*, 6 Hill, 61. It must be remembered that defendant not only bought, but *paid* for the tree after it was down. He therefore might have brought replevin, and stands on firmer ground than one having a mere license.

Reversed.