## GARDNER v. LIGHTFOOT.

1. **Contract:** UNDUE INFLUENCE: RELATIONS OF TRUST: SETTING ASIDE. When persons who sustain relations of confidence and trust enter into a contract, and the stronger obtains an advantage over the weaker mind, the contract will be set aside, unless the beneficiary shows that it was fairly obtained. (*Spargur v. Hall*, 62 Iowa, 498.) But no unfair advantage can be said to be taken where the stronger mind does nothing but accept the terms proposed by the weaker.

2. **Conveyance:** CONSIDERATION: PAROL TO VARY WRITING. Although parol testimony is admissible to show that the consideration of a conveyance is other or different than that stated in the writing, such testimony is not admissible, in the absence of fraud, to prove that a conveyance purporting to have been made for a consideration is in fact without consideration, for the purpose of rendering it invalid.

3. ———: ———: WHAT CONSTITUTES. An agreement by the grantee in a conveyance of land to perform certain sevices for the grantors during their lives and the life of the survivor, and an executed life lease of the land to the grantors, constitute a good consideration for the conveyance. (*Johnson v. Johnson*, 52 Iowa, 586, and *Mercer v. Mercer*, 29 Id., 557, followed.)

4. ———: CONDITION SUBSEQUENT: PARTIAL PERFORMANCE: SETTING ASIDE. An executed conveyance will not be set aside for the failure to perform a condition subsequent, where there has been a partial performance, accepted as such, and the parties cannot be placed in *statu quo*.

*Appeal from Jasper District Court.*

MONDAY, MARCH 21.

THE petition states that the plaintiff is the widow of Henry Gardner, who died in July, 1883, and who at that time was the owner of certain real estate described in the petition; that the plaintiff is sixty-seven years old, and her husband, when he died, was seventy-two years of age; that, for seven months preceding his death, Henry Gardner had been confined to his bed, and greatly prostrated; that the defendant is thirty-one years old, and had been brought up in the family of the Gardners, was regarded as one of the family,

and dependent on them for his living for some years; that in June, 1883, the said Henry and the plaintiff conveyed the said real estate to the defendant; that said Henry was at that time very weak, physically and mentally, owing to his advanced age and exhaustion from sickness; and that plaintiff, when she signed said conveyance, was weak and feeble, both in mind and body, due to old age and long continued watching at the bedside of her sick husband; that defendant took advantage of their weakened and incompetent condition to obtain said conveyance by false pretenses, undue influence, and by fraudulently promising the said Henry that he would keep, provide, maintain and care for the plaintiff during her life, and that there was no consideration for such conveyance; that prior to the execution of said conveyance the said Henry had executed his last will, devising all his property, both real and personal, to the plaintiff, and the same has been duly admitted to probate; that the defendant has failed to " perform any proper and rightful services due the plaintiff, and has refused to care for, provide, protect and maintain her, and demanded an exorbitant price for labor performed, and is especially disagreeable, harsh and mercenary." The relief asked is that the said conveyance be adjudged fraudulent, and the same canceled and set aside, and such other relief as the plaintiff may be entitled to. The defendant denied the material statements of the petition, but admitted the execution of the conveyance in consideration of a lease for life, executed by the defendant to the plaintiff, of said real estate, and an oral agreement with plaintiff and her husband by which the defendant agreed to furnish them with all such provisions as would be produced on the land, and gather and deliver the same in the house and cellar occupied by plaintiff and her said husband, and also cut and haul all fire-wood for them, and take care of the stock as long as either of them should live. In a reply the plaintiff admitted the oral agreement to be correctly stated in the answer. There are other statements therein which may be omitted

There was a trial to the court, judgment for the defendant, and the plaintiff appeals.

*Harrah & Myers*, for appellant.

*Winslow & Varnum*, for appellees.

Seevers, J.—I. We have read the evidence with great care, and fail to find any which tends to show that the defendant obtained the conveyance by undue influence, or that he made any fraudulent representations whatever, and thereby obtained such conveyance. The evidence fails to show that the defendant even asked for such conveyance, or that it was made in consequence of any representations made by him. On the contrary, the evidence shows that the plaintiff and her husband executed it on their own motion; and, if the fact is otherwise, the plaintiff has wholly failed to introduce any evidence so showing. It will be conceded that the rule is that when persons who sustain relations of trust and confidence enter into a contract, and the stronger obtains an advantage over the weaker mind, the same will be set aside, unless the beneficiary shows the contract to have been fairly obtained. *Spargur v. Hall*, 62 Iowa, 498. But there must be something done by the stronger to influence the weaker mind. If the former is passive, it cannot be said that there is either undue influence or fraud. Now, in the present case, we assert with confidence that the evidence fails to show that the defendant did anything to obtain the conveyance, unless it was his agreement to execute the lease for life, and this he did, and his promise to provide and care for the plaintiff and her husband. As to the latter, as we read the evidence, the defendant simply agreed to the proposition as made by the plaintiff and her husband. They fixed the terms and conditions of the contract upon which the conveyance was made. The defendant did not even make a suggestion in relation thereto. It is impossible, therefore, to say that the conveyance was obtained fraudulently, or by

*1. CONTRACT: undue influence: relations of trust: setting aside.*

undue influence, or that the contract was not entered into by the defendant in good faith. .

II. It is said there was no consideration for the conveyance. The only consideration named in the conveyance is one dollar. This, it will be conceded, is only nominal. That parol evidence is admissible to show that the consideration named in a conveyance is other or different will be conceded; but a very different question is presented when it is proposed to show by parol that there was no consideration whatever, for the purpose of rendering the conveyance invalid. In the absence of fraud, we think the authorities are substantially in accord that such evidence is not admissible. But, in addition to this, the defendant agreed to provide, care for and maintain, or rather perform certain services for, the plaintiff and her husband during their lives, and during the life of the survivor. If the value of the real estate has been shown, we have overlooked such evidence. We cannot say, therefore, that the consideration is inadequate, much less that there was none. It must not be forgotten that the plaintiff has a lease on the premises for and during her natural life. That the matters above stated constitute a sufficient consideration has been held in *Johnson v. Johnson*, 52 Iowa, 586; *Mercer v. Mercer*, 29 Iowa, 557.

III. The evidence is conflicting as to whether the defendant in good faith did what he agreed to do. It is not entirely certain that he did not substantially do so. As to this we feel uncertain. But his agreement must be regarded as a condition subsequent; and, as the conveyance has been fully executed and delivered, the rule is that it will not be set aside when, at least, there has been partial performance, and the parties cannot be placed in the same position they were in at the time the conveyance was made. That there was such performance the evidence clearly shows, and that what was done was accepted as such clearly appears. There is no evidence which

*2. CONVEYANCE: consideration: parol to vary writing.*

*3. ——: ——: what constitutes.*

*4. ——: condition subsequent: partial performance: setting aside.*

tends to show that the conveyance was made to the defendant in trust.

We are of the opinion that the decree of the district court must be                                                     AFFIRMED.