Frances McGee v. Richard F. Allison and Lawrence Allison, Appellants.

| 94 | 527 |
|----|-----|
| 111 | 209 |
| 94 | 527 |
| 123 | 746 |
| 94 | 527 |
| 138 | 51 |
| 94 | 527 |
| 144 | 78 |
| 144 | 81 |

**Practice:** BURDEN OF PROOF. Where a plaintiff claims that a deed under which defendant claims title has been fraudulently altered, the burden is on the plaintiff to show it, though an alteration be apparent.

RES ADJUDICATA. Where the grantee in the deed was not a party in the probate proceedings, he is not bound by a decree vesting the property in the widow as a homestead for life.

**Parol Variance.** Where a deed is unconditional on its face, it cannot be proved by parol that the delivery was conditional.

SAME. In the absence of fraud, parol evidence is inadmissible to show that there was no consideration for a deed which recites a consideration on its face.

Delivery: PRESUMPTIONS. The fact that a grantee kept a deed without recording for a number of years, allowed the grantors to remain in possession, and made no claims to the property until after their deaths, does not alter the presumption of a delivery, when the deed, fully executed, is in his possession.

*Appeal from Winneshiek District Court.*—Hon. L. O. Hatch, Judge.

Thursday, May 16, 1895.

Suit in equity to quiet plaintiff's title to lot 6, block 20, in the city of Decorah, Iowa, and to set aside and cancel certain deeds covering the property from W. W. McHenry and wife to Lawrence Allison, and from Lawrence Allison to his codefendant, Richard F. Allison. It is alleged in the petition that the deed from the McHenrys to Lawrence Allison, in so far as it covers the property in controversy, is a forgery; that it was never delivered; that no consideration was ever paid therefor; and that, at the time of its execution, W. W. McHenry was of unsound mind, and incapable of executing the same. The trial court found that the deed was never delivered, and granted to plaintiff the relief demanded, and defendants appeal.—*Reversed.*

*G. R. Willett* for appellants.

*L. Bullis* for appellee.

Deemer, J.—Plaintiff is the daughter and sole heir at law of W. W. McHenry, who departed this life in November, 1889. McHenry was twice married, and plaintiff is the sole issue of his first marriage. He left, surviving him, Charlotte L. McHenry, his widow, who was a sister of the defendants Allison. After the husband's death, the widow continued to possess and occupy the property in controversy, which was their

homestead, until her death, which occurred May 4, 1892. On the seventh day of May, 1892, the defendant Lawrence Allison caused to be filed for record with the recorder of Winneshiek county a deed from W. W. McHenry and Charlotte L. McHenry, his wife, purporting to be executed and acknowledged on the twelfth of December, 1887, conveying the property in controversy, with other lots and land, to Lawrence Allison. Afterward, and on May 9, 1892, Lawrence Allison conveyed the property in controversy, by quitclaim deed, to his codefendant, Richard Allison. This deed was filed for record on May 14, 1892. Shortly after the death of W. W. McHenry, and in February of the year 1890, plaintiff filed a petition in probate, in which she recited that she was the sole and only heir of W. W. McHenry, and that Charlotte L. McHenry was his widow; that W. W. died seized of the property in controversy, and asked that C. L. McHenry be required to make an election as to which she would take,—homestead or dower in the premises. C. L. McHenry answered this petition by an election to take the property for life as a homestead, in lieu of her distributive share, and a decree was entered in accord with election. Administration was not had, however, upon the estate of W. W. McHenry, deceased. Immediately upon the death of the widow, the defendants took possession of the homestead under the deeds above set forth, and plaintiff thereupon commenced this action to quiet her title and set aside the deeds held by the defendants.

It is first insisted that the deed from McHenry and wife to Lawrence Allison, in so far as it covers the homestead in question, is a forgery. The deed covers various lots and parcels of land other than that in dispute, which were in the name of Charlotte L. McHenry; and it is claimed that the description covering the land in question was added to the deed after its execution and

delivery by the McHenrys, and that it does not convey the homestead. That part of the description said to be a forgery is written in a different colored ink from that in the main body of the deed, and an alteration is apparent in this description. The alteration appearing upon the deed is fully explained by the scrivener who drew it, and he also explains how the writing appears in different colors in a fairly satisfactory manner. The only testimony relied upon to show the alleged alteration is from experts, some of whom were of the opinion that the description covering the premises in dispute was written after the main body of the deed, and certain other circumstances which it is claimed have a tendency to show that the deed is a forgery. The question as to what effect an apparent alteration of a written instrument has with reference to the burden of proof has recently undergone extended examination at the hands of this court in the case of *Hagan v. Insurance Co.*, 81 Iowa, 321. It is there held that an alteration apparent upon the face of a writing raises no presumption that it was made after delivery and without authority, and that the burden is not upon him who relies upon the instrument to explain the alteration, but upon him who attacks it to prove that the alterations were made after delivery and without authority. We need not do more than apply this rule to the facts of this case. When this is done, it is manifest that plaintiff has failed to establish the alleged forgery.

II. It is next insisted that the deed to Lawrence Allison was never delivered to or accepted by him with intent to make it effectual, and that he never paid any consideration therefor. Delivery of a deed is, of course, essential to its validity; and, to constitute such delivery, there must ordinarily be, not only a manual change of possession, but an intention on the part of the

grantor to make it operate as such, and an acceptance on the part of the grantee as well. It is well settled, however, that, if a deed fully executed is found in the possession of the grantee, it is presumed to have been delivered by the grantor, and accepted by the grantee, at the date of its execution. *Wolverton v. Collins,* 34 Iowa, 239; *Craven v. Winter,* 38 Iowa, 480. This presumption is not conclusive, but it raises a strong implication, which can only be overcome by clear and satisfactory proof. *Tunison v. Chamberlain,* 88 Ill. 379. Such a rule is necessary to the security of titles. Any other would render all holdings uncertain, and would be disastrous in the extreme.

In this case we not only find the deed to the lot in question in the possession of the grantee, but we have affirmative testimony from three witnesses that it was delivered to him by the grantor, through his agent, the scrivener who wrote it. As against this, the appellee relies upon circumstantial evidence which she claims points to the conclusion that the deed was surreptitiously obtained by the grantee and his brother, C. W. Allison, after the death of Mrs. McHenry. It is unnecessary that we set out the testimony relied upon. It is sufficient to say that nearly all these collateral facts with reference to the delivery of the deed can be explained upon a theory perfectly consistent with a delivery of the deed. Such being the case, the presumption arising from the possession of the deed in the grantee is not overcome. The testimony most relied upon to show there was no delivery is—First, the admission of Lawrence Allison that he did not take possession of the property, record his deed, or exercise any acts of ownership over the lot except to hold the deed until after the death of Mr. and Mrs. McHenry; and, second, declarations made by Mrs. McHenry, after

the conveyance, indicated that she understood and believed she owned the property or a homestead right in it after the death of her husband. With reference to this first-mentioned testimony, the defendant has offered an explanation which is entirely consistent with his claim that he owned the property at all times after the deed was executed. Mrs. McHenry was his sister, and it is not unreasonable to suppose that because of this relationship he allowed her and her husband to remain in the possession of the property after he became the owner of it; and the fact that she remained in possession, paid taxes, and made repairs thereon is not of itself, under the circumstances disclosed, inconsistent with the claim that she parted with her interest in it by a deed to her brother. It is doubtful whether her declarations, made after she had relinquished her interest in the property by the deed to Lawrence Allison, to the effect that, after the death of her husband, she had some interest in it, are admissible. Concede that they are, they constitute no part of the *res gestae*. They were not so connected with the making and delivery of the deed as to indicate the character of the transaction. At most, such declarations, if admissible at all, are explanatory only of the possession of Mrs. McHenry, and are not sufficient to render ineffectual a solemn deed found after her death in the possession of the grantee. *Williams v. Williams*, 36 N. E. Rep. (N. Y. App.) 1053; *Vrooman v. King*, 36 N. Y. 482; *Jackson v. Aldrich*, 13 Johns. 106; *Padgett v. Lawrence*, 10 Paige, 170; *Allen v. Kirk*, 81 Iowa, 658; *Barttlett v. Delprat*, 4 Mass. 702. It is important to note that at no time did Mrs. McHenry hold the legal title to the premises. Before the death of her husband, she had no interest except her inchoate right of dower, and the right to use and occupy the property as a homestead. After his death, she might have taken one-third of the

premises in fee as her distributive share, provided no conveyance of it had been made. But this she did not avail herself of. She elected to take the whole for life as a homestead. These facts make the admission of her declarations even more doubtful than if she had at some time owned the fee.

III. It is further contended that the delivery of the deed to Lawrence Allison was conditional upon his surrendering to Mrs. McHenry a note for nine thousand four hundred and forty-three dollars, executed by a partnership, composed of her husband and one C. W. Allison, during the lifetime of Mrs. McHenry. The deed is an absolute one, and bears no condition upon its face. It was sent by mail to Lawrence Allison by his brother C. W. Allison, who drew it at the request of Mr. and Mrs. McHenry. It was never deposited or intended to be left with any one in escrow. The rule, as we understand it, is that, if delivery of a deed is made to the grantee, it will be an absolute delivery, whatever condition may be annexed thereto not incorporated in the deed itself; and title will immediately pass to the grantee. In other words, a deed cannot be delivered to the grantee in escrow. Tiedeman Real Prop. section 815; *Fairbanks v. Metcalf,* 8 Mass. 230; *Worrall v. Munn,* 5 N. Y. 229.

It is also said that there was no consideration for the deed; that the nine thousand four hundred and forty-three dollars was not delivered as agreed; and that the conveyance should be set aside. It seems to be well settled that, in the absence of fraud, parol evidence is inadmissible to show that there was no consideration for a deed, for the purpose of invalidating it, when the deed recites a consideration on its face. See *Gardner v. Lightfoot,* 71 Iowa, 580.

IV. It is also contended that the proceedings in probate in which Mrs. McHenry elected to take the premises as a homestead are a bar to defendant's claim; that the order therein made is conclusive upon defendants. It is difficult to see on what theory such contention can be sustained. Lawrence Allison was not a party to these proceedings, and had no knowledge of them. He was then holding a deed to the land from plaintiff's ancestor, which it is true was not recorded; but plaintiff, as an heir, is not a subsequent purchaser under our recording statutes, and is not protected against unrecorded deeds made by her ancestor. *Morgan v. Corbin*, 21 Iowa, 117. As defendant Allison was not a party to these probate proceedings, he was not bound by the order made therein, even if it be conceded that the probate court had jurisdiction to determine the status of the legal title to the lot after the death of W. W. McHenry. This proposition is so plain that a citation of authorities seems unnecessary.

V. It is charged in the petition that W. W. McHenry, at the time he executed the deed, had not sufficient mental capacity to understand the nature and character of the transaction. This contention seems to be abandoned in argument. But we have examined the testimony bearing upon this issue quite fully, and do not think it establishes the allegations made in the petition.

VI. Plaintiff's counsel vigorously contends that defendant Lawrence Allison fraudulently abstracted the deed to him from the papers of Mrs. McHenry after her death, and had the same recorded. While there are some suspicious circumstances connected with the case, we do not think the claim has been established. The evidence convinces us that the deed was duly delivered by the McHenrys during their lifetime; that it was

their free and voluntary act; and that it was not forged and altered. The legal presumptions are all with defendants, and, as against these, we have nothing but suspicious circumstances which can all, or nearly all, be accounted for on a theory entirely consistent with the due delivery of the deed.

There are many collateral facts and circumstances in the case of more or less importance, relating to the original acquisition of the lot, the relations of the parties, the consideration for various deeds covering the premises in controversy, as well as other lots and lands which we do not refer to. Our attempt has been to treat of the controlling questions in the light of all these collateral facts, and our conclusion is that the decree cannot be sustained. A decree will be entered in this court dismissing plaintiff's petition, at her costs.
*Reversed.*