J. W. WATSON, Appellee, v. W. H. BOWMAN, survivor, Appellant, CHARLES G. FREEMAN, Defendant.

**Mortgages:** SUBROGATION: JUDGMENT CREDITORS: PRIORITY OF LIENS.
1 One who furnished the mortgagor with money to pay off the mortgage debt may be subrogated to the rights of the mortgagee, through an arrangement with the mortgagor by which the note and mortgage are turned over as security for the money so advanced, although the original mortgagee is not a party to the arrangement; and he may enforce the mortgage as against a judgment creditor whose lien accrued subsequent to the mortgage, but prior to his acquisition of the same. And the taking of a new note and mortgage as collateral without surrendering the original was not a waiver of the right to resort to the original security for protection against intervening liens.

**Evidence:** IDENTIFICATION AND OFFER OF INSTRUMENTS. Where it is

evident from the entire record on a foreclosure of a mortgage, that the same was tried and determined on the theory that the note and mortgage were in evidence, and no objection was made in the trial court to the identification and proof of the instruments, the cause will not be reversed simply because of a failure to formally offer the same in evidence.

**Mortgages:** FAILURE TO NAME MORTGAGEE: PRIORITY OF LIENS. Failure to name a grantee in the granting clause of a mortgage, where it clearly appears from the instrument that the holder of the note is intended as the mortgagee, is not available to a judgment creditor of the mortgagor before levy and sale, to defeat the lien of the mortgage in favor of one subrogated to the rights of the mortgagee.

*Appeal from Keokuk Superior Court.*—HON. W. L. McNAMARA, Judge.

THURSDAY, FEBRUARY 11, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

THIS is an action to foreclose a mortgage, and to establish a priority of lien over a judgment held by defendant Bowman. There was a decree for plaintiff. Defendant Bowman appeals.—*Affirmed.*

*A. L. Parsons* and *Hollingsworth & Blood,* for appellant.

*F. T. Hughes,* for appellee.

EVANS, C. J.—The defendant Freeman is the owner of certain real estate involved in this controversy. He became such owner in May, 1898, by purchase from one Swettman. At the time of such purchase the property was incumbered by mortgage for $250, held by one Deamude. This mortgage was assumed by Freeman as a part of the purchase price. It bore date September 1, 1897, and was

to become due in three years from date. The defendant Bowman is a judgment creditor of Freeman, having obtained a judgment against him for $920 on July 11, 1900. The evidence, on behalf of plaintiff, tends to show that about September, 1899, an arrangement was entered into between Freeman and the plaintiff, Watson, whereby Watson was to take the Deamude mortgage of $250 and carry the same as a debt and lien against Freeman and the property until its maturity. The occasion for this arrangement was that the husband of the mortgagee had expressed a desire for the money at about that time. The plaintiff, Watson, furnished the $250 in pursuance of this arrangement, and it was taken by Freeman and paid to the mortgagee. He received the note and mortgage from the mortgagee, and delivered the same to the plaintiff, who has held the same ever since. It is claimed by Freeman that when he took the money to the mortgagee he explained to her the arrangement between him and Watson, and that she made no objection thereto. There was never any formal cancellation of the note or mortgage, and never any release of the mortgage on record until after the commencement of this suit. After the maturity of the Deamude mortgage in October, 1900, the plaintiff took a new note and mortgage from Freeman for the same debt, and held the same as collateral to the Deamude note and mortgage. He asks that he be held to be the owner of the Deamude note and mortgage, and that he be subrogated to all the rights of the mortgagee therein, and that his lien be held superior to the lien of the Bowman judgment. On the part of the defendant the evidence tends to show that the transaction between Freeman and Watson was simply a loaning of the funds to Freeman, and that he used the same in paying off the Deamude mortgage, and that such transaction was not had in 1899, but in 1900, after the Deamude mortgage was due, and that the mortgagee of the Deamude mortgage never assented to any ar-

rangement whereby Watson was to become the owner of such mortgage. He contends that the plaintiff has no other lien than that of his mortgage taken in October, 1900, which is subsequent in date to the defendant's judgment, and he asks that his judgment lien take priority. The lower court found the issues with the plaintiff.

If it be true that there was such an arrangement as is contended for between Freeman and Watson, and such arrangement was made known to the mortgagee at the time she received the money for her mortgage, it would amount to an oral equitable assignment of the mortgage, and would present no difficult question of law. The evidence as to whether such arrangement was communicated to the mortgagee by Freeman is so nearly in the balance that we proceed to inquire whether the plaintiff may be subrogated to the rights of that mortgagee under the arrangement between him and the mortgagor, without the knowledge of the mortgagee. It seems to be settled by our decisions that such an arrangement is valid as between the parties thereto, and that the plaintiff is entitled to hold the note and mortgage as security for the money advanced by him in pursuance of such arrangement, even though the mortgagee was not a party to the arrangement. *Heuser v. Sharman,* 89 Iowa, 355; *National Life Insurance Company v. Ayres,* 111 Iowa, 200. The fact of such an arrangement between Freeman and Watson is very clearly proven. If the plaintiff, then, was entitled to hold the Deamude mortgage as against Freeman, he was prior in point of time to the Bowman judgment. Bowman's judgment lien attached only to the interest that Freeman actually had, whether such interest was apparent upon the record or not. In other words, the rights of a judgment creditor as a lienholder are no greater before levy or sale than the rights of the judgment debtor. *Moore v. Scruggs,* 131 Iowa, 692. When Watson took his second mortgage

1. MORTGAGES: subrogation: judgment creditors: priority of liens.

in October, 1900, he did not know of the judgment. Neither did he surrender the former note and mortgage; the new note and mortgage having been taken for the same debt. The plaintiff did not lose his right to resort to his first mortgage to protect himself against intervening liens. *Young v. Shaner*, 73 Iowa, 555. We think the lower court correctly held that the plaintiff was entitled to hold and foreclose as his own the Deamude note and mortgage.

II. The plaintiff set up the Deamude note and mortgage in his pleadings by copy thereof. The answer of the defendant contained a general denial. The evidence presented no controversy as to the existence of the Deamude note and mortgage, and as to the plaintiff's actual possession thereof. It fails to appear, however, that they were formally introduced in evidence. The defendant, therefore, contends that plaintiff's case has wholly failed, and that the decree below should be reversed, and defendant's principal argument is devoted to this question. The question gives us much difficulty, and we are disposed to censure the carelessness that would permit such an oversight on the part of counsel. It is manifest from the record as a whole that the papers were present in court, and the oral testimony of witnesses refers to "this note and mortgage." We take this to indicate, either that the note and mortgage were present, or else that reference was had to the note and mortgage set out by copy in plaintiff's petition. The record as a whole satisfies us that the case was tried on the theory that the note and mortgage were in evidence. Certain it is that the question now argued here was in no manner presented to, or considered by, the lower court. The decree entered by the court discloses the fact that the instruments sued on were deemed as being in evidence, and foreclosure is granted thereon. This court has heretofore gone to considerable length to support a judgment of the court below, rather than to reverse, upon a mani-

*2. EVIDENCE: identification and offer of instruments.*

fest oversight. This is especially so where the ground and theory upon which the lower court entered judgment is manifest from the record as a whole. In view of the whole record in this case we think the Deamude note and mortgage were sufficiently identified and proved, in the absence of objections in the lower court, and that we would not be warranted in reversing the decree on such technical ground. *Hintrager v. Kiene,* 62 Iowa, 605; *Pitts v. Seavey,* 88 Iowa, 336.

III. It appears from the copy of the Deamude mortgage, which was set up in plaintiff's petition, that no name of a mortgagee appeared in the granting clause of said mortgage, and this defect is urged by the defendant Bowman as fatal to the mortgage. If the rights of purchasers without notice were involved, a serious question might be presented here. The mortgage does describe the debt which it is given to secure, and fully discloses the beneficiary intended to be secured thereby. There is no question, under the recitals of the mortgage as a whole, but what the holder of the note was intended as the mortgagee. As between the parties to the transaction the mortgage would be good in a court of equity. As against Freeman it is good because he agreed to pay it. As between Freeman and Watson it is good because they made their contract with reference to it as it was. As already indicated, the rights of Bowman as a judgment lienholder can rise no higher than the rights of Freeman as debtor. The defect, therefore, avails the defendant nothing.

3. MORTGAGES: failure to name mortgagee: priority of liens.

Upon the whole record, the decree of the lower court was right, and it is *affirmed.*