J. M. MAXWELL, Plaintiff and Appellee, v. MARIE McCALL
ET AL., Defendants and Appellants.

**Easements:** CONVEYANCE BY HUSBAND ALONE: HOMESTEAD. ·A deed
by a husband alone intended to convey simply an easement for
highway purposes over the homestead was valid under the law
as it stood in 1895, though not signed by the wife, although it
would be void if purporting to convey the fee.

**Conveyances:** CONSTRUCTION: EASEMENTS. In so far as a deed is
ambiguous in its terms the circumstances surrounding the trans-
action may be considered in arriving at the intent of the parties.
And as a general rule that construction will be accorded a deed
which will give it validity in preference to a construction which
will defeat it.

The conveyance involved in this action is held to pass an easement
only and not the fee.

**Same:** CONSIDERATION: VARIANCE BY PAROL. The consideration ex-
pressed in a ·deed may be shown by parol to have been greater
or less, or different in form from that stated, but in the ab-
sence of fraud or mistake it is not competent to so vary the
instrument to the extent of showing that there was no con-
sideration.

**Same:** CONSIDERATION: EFFECT OF RECITAL. The recital of a consid-
eration in a conveyance makes a *prima facie* agreement .of the
grantee accepting the instrument to pay the same, and a right
of action therefor exists.

**Pleadings:** EXHIBITS: INTRODUCTION IN EVIDENCE. Where a copy of
an instrument is set out and made a part of the pleadings and
is not denied, it is not essential that the original instrument
be offered in evidence to make it a part of the record.

**Trial:** IDENTIFICATION AND OFFER OF EXHIBITS: APPEAL: TRIAL *de novo*.
'Where a stipulation of facts refers to a certain instrument as
the original instrument relied upon in the action,˙ such stipu-
lation will carry the instrument into the record without further
identifying marks; still in case the identical instrument is not
presented by the abstracts on appeal there can not be. a trial
*de novo* of the action. But where as in this case the parties
and the court deemed the original instrument as in evidence,

and the sole issue tried related to. its validity, the decree of the lower court will not be reversed for want of a formal offer of the instrument.

*Appeal from Washington District Court.*—HON. W. G. CLEMENTS, Judge.

THURSDAY, FEBRUARY 10, 1910.

THIS is an action to establish the right of plaintiff to an easement for road purposes over the real estate of the defendants. There was a decree for the plaintiff. The defendants appeal.—*Affirmed.*

*Eicher & Livingston,* for appellants.

*C. Thorne,* for appellee.

EVANS, J.—The defendant Marie McCall is the surviving widow of J. F. McCall, deceased, who died without issue. The other defendants are collateral heirs and devisees under his will. The claim of the plaintiff is based upon a deed executed and delivered to him by J. F. McCall on March 21, 1895. The following is a copy of so much of the deed as is material for our present consideration: "Know all men that I, J. F. McCall, in consideration of the sum of $100 in hand paid by J. M. Maxwell do hereby grant, bargain, sell and convey unto the said J. M. Maxwell, his heirs and assigns, forever, the following described real estate situated in Washington County, Iowa, to wit: A strip of land for road purposes, forty feet in width described as follows, to wit: [Description.] Excepting and reserving the use and possession thereof so long as the grantor shall live, then full possession shall pass to the grantee. And the said grantor hereby warrants the title to said premises against the lawful claims of all persons whomsoever." This deed was duly acknowledged and recorded

on the same day, and does not appear ever to have been called in question by the grantor. The circumstances surrounding the transaction were that McCall was the owner of a farm of one hundred acres abutting on the highway on the west side thereof, and Maxwell was the owner of a farm adjoining McCall's on the west, which had no access to any highway except over the land of McCall. For many years prior to the execution of the deed, and ever since, Maxwell had obtained access to the highway over the lands of McCall by mere permissive license. The traveled way, however, over which he had crossed McCall's land, was not upon the particular strip in dispute. Prior to the execution of the deed, Maxwell had presented a petition to the board of supervisors for the establishment of a public highway which would traverse McCall's land and which would give Maxwell access to this particular highway. As an adjustment of this matter between themselves, McCall executed the deed in question, and Maxwell abandoned the proceedings for the establishment of a public highway. After the execution of the deed, Maxwell built a dwelling and other valuable improvements upon his land in reliance thereon. At the time of the execution of the deed, the wife of McCall, the first-named defendant herein, was insane, and has so continued ever since, and she did not join in the conveyance. The farm in question was occupied by McCall and his wife as their home, and so continued down to the time of the death of McCall. The homestead "forty" had never been platted or designated in any way. The following is a plat of the premises, the McCall land being marked upon the plat, "J. F. M." The strip in dispute divides the land so as to leave forty acres on the north side thereof and sixty acres, including the dwelling, on the south side thereof:

The strip in dispute had a market value of $60 or $70 per acre. The plaintiff did not in fact pay any money for the land, although the deed stated a consideration of $100. The prayer of the first count of the petition (which is the only count we will consider), is as follows: "Wherefore plaintiff prays that this plaintiff be ordered, adjudged, and decreed entitled to the possession of the premises described in the caption of this petition for road purposes, so long as the same shall be so used, with the privilege of erecting fences thereon, and maintaining the same as a highway; that defendants and each of them be ordered to yield immediate possession of said premises to this plaintiff; and for such other and further relief as may be deemed just and equitable in the premises; and that the defendants be adjudged to pay the cost of this proceeding." The issue made by the answer was that the premises described in the deed were a part of the homestead occupied by the grantor and his wife, and that such deed was not signed

by the wife, and was therefore absolutely void and of no
effect. The decree entered below established the right of
the plaintiff to an easement over such strip for road pur-
poses, and decreed the title in the defendants, subject to
such easement until said strip should cease to be used for
road purposes.

I. The real question in the case is whether the in-
strument set up by plaintiff should be construed as a deed,
purporting to convey the fee title, or whether it should be
construed as an instrument merely purport-
ing to convey a right of way over the land.
If the former, then it would be void under
the law in force in 1895. *Barnett v. Men-
denhall,* 42 Iowa, 296; *Goodrich v. Brown,* 63 Iowa, 247;
*Woolcut v. Lerdel,* 78 Iowa, 668; *Townsend v. Blanchard,*
117 Iowa, 39; *Ormsby v. Graham,* 123 Iowa, 212; *Wheel-
ock v. Countryman,* 133 Iowa, 292. If the latter, then the
instrument was valid for the purpose of granting an ease-
ment in the plaintiff, even though not signed by the wife.
*Chicago & S. W. R. Co. v. Swinney,* 38 Iowa, 182; *Ottum-
wa v. McWilliams,* 71 Iowa, 164; *Harkness v. Burton,* 39
Iowa, 104; *Stokes v. Maxon,* 113 Iowa, 122. See, also,
*Orrick v. City of Ft. Worth* (Tex. Civ. App.) 32 S. W.
443; *Randall v. R. R. Co.,* 63 Tex. 586; *Railroad Co. v.
Titterington,* 84 Texas, 225 (19 S. W. 472, 31 Am. St.
Rep. 39).

In so far as the deed may be deemed ambiguous in its
terms, the circumstances surrounding the transaction may
be considered for the purpose of ascertaining the intent of
the parties. *Barlow v. C., R. I. & P.,* 29
Iowa, 276; *Uhl v. Ohio,* 51 W. Va. 106 (41
S. E. 340). It is also a general rule that a
construction which gives validity to the instrument will be
preferred over a construction which defeats its validity.
*Barlow v. C., R. I. & P., supra; Marshall v. McLean,* 3
G. Greene, 367.

1. EASEMENTS:
conveyance
by husband
alone: home-
stead.

2. CONVEYANCES:
construction:
easements.

In the case of *Ottumwa v. McWilliams, supra,* the contract under consideration was as follows: "In consideration of one dollar in hand paid and —— I, for myself, and for my heirs, executors, and assigns, do hereby covenant and agree to and with said railroad company to convey, by metes and bounds, at any time the said railroad company shall call for the same, by deed in fee simple, a strip of ground not less than fifty feet in width on each side of the center of the track of said railroad, over and through the above-described land." In the *Barlow* case, *supra,* the granting clause was as follows: "Do hereby grant and convey the said railroad company the following piece or tract of land in Polk County, in the state of Iowa, and particularly described as follows, to wit, a strip of land through the southwest quarter of," etc. We quote from the opinion in the latter case: "When we take into consideration the situation of the parties to the deed at the time it was made, and the property which is the subject-matter of their contract, and the intention and purpose of the parties in making it, together with the language of the entire deed, we have but little difficulty in construing the deed, as a conveyance of a right of way simply. . . . But, further than this, there is another rule of construction which requires that the contract should be supported rather than defeated; that is, a construction which would make the contract legal is preferred to one having an opposite effect. If, therefore, by construing the deed as a conveyance of the fee, it would be void for uncertainty of description, as appellant's counsel claim; while as a conveyance of a right of way it would be valid, the language of the deed admitting of it, we should adopt the latter view, although such construction might not be the most natural or reasonable upon the language alone." To the same effect, see *Robinson v. R. R. Co.,* 59 Vt. 426 (10 Atl. 522); *Smith v. Holloway,* 124 Ind. 329 (24 N. E. 886); *Chouteau v. M. P. R. R. Co.,* 122 Mo. 375 (22 S. W. 458, 30 S. W. 299).

The cited authorities are quite conclusive of the present
case, and fully sustain the conclusion of the trial court in
that regard.

II.   It is urged by the appellant that the deed was
void for want of consideration.   While want of considera-
tion is always a defense to an executory contract, it may

**3. SAME: con-
sideration:
variance by
parol.**

well be doubted whether in the absence of
fraud or mistake, it is available as an af-
firmative attack upon an executed convey-
ance.   If so it would be quite impossible to execute a valid
conveyance by way of gift of real estate.   But this point
has not been argued by either party, and we do not pass
upon it.   The deed recites a consideration of $100.   This
sum was not in fact paid.   The evidence on the question of
consideration was objected to by the plaintiff as incom-
petent.   It is well settled that the recitals of consideration
in a deed may be explained by parol evidence.   It may be
shown that the consideration was either greater or less than,
or different in form from, that stated in the deed. ' *Gard-
ner v. Lightfoot,* 71 Iowa, 577.   Notwithstanding this lib-
eral rule concerning the consideration, it is also well settled
that it is not competent to contradict the deed to the extent
of showing that there was no consideration for the purpose
of defeating the instrument, in the absence of fraud or mis-
take.   *Gardner v. Lightfoot, supra; McGee v. Allison,* 94
Iowa, 527; *Hemstreet v. Wheeler,* 100 Iowa, 282; *Luck-
hart v. Luckhart,* 120 Iowa, 248.

It is to be noted further that a recital of a consid-
eration in a deed makes a *prima facie* agreement on the
part of the grantee, in accepting the deed, to pay such

**4. SAME: con-
sideration:
effect of
recital.**

consideration, and he may be sued there-
for.   This agreement of itself constitutes a
consideration.   It is now urged by the ap-
pellants that, in case the decree below be affirmed, the de-
fendants should recover the consideration.   Their argu-
ment in this court is the first indication of any desire on

their part to recover such consideration. Their answer presented no cross-bill nor counterclaim for the same. The question therefore is not in the case.

III. The parties present a dispute as to the state of the record. It is urged by the defendants that the plaintiff failed to prove his title in that he failed to introduce his deed in evidence on the trial below. The deed in question is referred to in a part of the record as "Exhibit B, Needham." Appellants present a statement from the court reporter to the effect that the deed was not so marked during the trial, but that such mark now appearing thereon was made at a subsequent date. The plaintiff appellee presents an affidavit of the trial judge identifying the deed as the original instrument that was used at the trial and referred to by the witnesses. It would have been a much simpler method for the parties to have obtained a correction of the record, if necessary, by proper proceedings in the court below. It is not our province to determine the state of the record below upon affidavits and counter-affidavits. There are several conclusive reasons, however, why the alleged defect in the record is not available to the appellants here. The plaintiff set out a copy of the deed as an exhibit to his petition. It was not denied in the answer, either by special or general denial. It was not essential, therefore, to introduce the original in evidence, although such a course would be quite usual and proper.

*5. PLEADINGS: exhibits: introduction in evidence.*

At the time of the trial, in open court, the parties entered of record a stipulation as to the facts, upon which stipulation the plaintiff rested his case. Such stipulation included the following statement: "That the deed marked 'Exhibit B, Needham,' is the original deed executed by J. F. McCall upon which the plaintiff relies in this action." This stipulation of itself carried the deed into the record. It was no more necessary to make further proof of it than

*6. TRIAL: identification and offer of exhibits: appeal; trial de novo.*

it was to make further proof or offer of the other facts stipulated. It is said, however, that it was not actually marked "Exhibit B, Needham." The marking was not essential to its character as an instrument of evidence. The only purpose of the marking was to identify it and distinguish it from other instruments. If the parties were in dispute as to which of two or more instruments was intended to be included in the stipulation, a different question would be presented. That is not the nature of the dispute. The stipulation of facts as presented to us in appellant's abstract shows that the parties agreed upon a certain instrument then presented as the original deed executed by McCall. It is manifest from this record that such deed was before the trial court as a part of the evidence. Unless the deed which is presented to us by appellee's amended abstract is the identical deed that was included in such stipulation, then such deed is altogether missing from the record before us. In such case it follows that we do not have before us all the evidence upon which the case was tried below, and such fact affirmatively appears from appellant's abstract. This defect would prevent a trial *de novo* here and would of itself be fatal to the appellants. It is manifest, however, from the whole record, that the parties and the court all deemed the original deed as in evidence, and the sole issue made was whether it was a valid instrument. Even though the answer had contained a general denial, we would not be justified under such circumstances in reversing the decree below for want of a formal offer of the instrument. *Watson v. Bowman,* 142 Iowa, 528.

We think the decree of the trial court was right, and it is, *affirmed.*