OSCAR C. ENG, APPELLANT, v. GEORGINE C. OLSEN,
                     APPELLEE.

FILED DECEMBER 23, 1915.    No. 18515.

1. Easements: WAY OF NECESSITY: IMPLICATION.  A way of necessity
   over the land of a grantor is not generally implied in favor of a
   grantee who has a convenient outlet across his own land which ad-
   joins that conveyed.

2. Homestead: CONVEYANCE: EXECUTION.  A 99-year lease purporting to
   grant a right of way for a road across the homestead of a married
   person is void unless executed and acknowledged by both husband
   and wife.  Rev. St. 1913, sec. 3079.

APPEAL from the district court for Madison county:
ANSON A. WELCH, JUDGE.  *Affirmed.*

*H. Halderson,* for appellant.

*William V. Allen* and *William L. Dowling, contra.*

ROSE, J.

This is a suit to enjoin the obstruction of a roadway 33
feet wide and 227 feet long, extending west from lands
owned by plaintiff to a highway running north and south.
The strip of land in dispute is the north half of part of an
abandoned highway along the section line running east
and west between the counties of Madison and Platte,
near Newman Grove.  When the parties were adjoining
proprietors, with the section line north of plaintiff and
south of defendant, the latter sold and deeded to the
former for $250, May 24, 1902, a small triangular tract
with its southwest corner at the southeast corner of the
roadway in controversy.  The western boundary of the
conveyed land, a line running north and south, is other
land of defendant, and the northern and eastern boundary
is a railroad right of way running northwest and south-
east; the southern boundary being land of plaintiff.  In
the petition it is averred, in substance, that the tract sold

was inaccessible and landlocked; that it was deeded to plaintiff by defendant and her husband; that simultaneously with, and as a part of, the same transaction, defendant, pursuant to agreement, signed and acknowledged a writing, granting to plaintiff the right to use for roadway purposes for 99 years the 33-foot strip described; that she afterward obstructed the road. The granting of an injunction was resisted on the grounds that plaintiff, by means of his own land, had convenient access to the tract purchased by him, and that the 99-year lease was void because the land described therein was part of the homestead of plaintiff and her husband, and was not signed and acknowledged by the latter. The trial court dismissed the suit, and plaintiff has appealed.

Plaintiff claims a way of necessity, and argues that an injunction to protect it should have been granted. On this issue the trial court properly found for defendant. A way of necessity is not implied from the existing conditions, from the transactions of the parties, or from the instruments executed. Plaintiff, by using his half of the abandoned highway for a distance of 260 feet, may have convenient access to the tract purchased and an outlet to a public highway. In the deed a piece of land was described without reference to the means of access. The parties thereto did not understand that its terms implied a way of necessity over other land of defendant. A separate lease for a roadway was deemed necessary. The lease itself did not imply such a right, because it contained the specific grant of an easement. Since plaintiff has an outlet over his own land to a public highway, a way of necessity across the land of defendant does not exist. 9 R. C. L., p. 768; *Doten v. Bartlett,* 107 Me. 351, 32 L. R. A. n. s. 1075.

The principal question presented by the appeal may be stated thus: Is an instrument granting for a term of 99 years a right of way for a road across the homestead of a married person void unless executed and acknowledged by both husband and wife? The answer must be found in

the terms of the statute providing: "The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." Rev. St. 1913, sec. 3079.

Plaintiff argues that the granting of the easement does not interfere with the substantial enjoyment of the homestead or conflict with the terms of the statute. On this proposition the courts differ. The doctrine invoked by plaintiff was announced by the supreme court of Iowa and followed in Texas. *Chicago & S. W. R. Co. v. Swinney*, 38 Ia. 182; *Maxwell v. McCall*, 145 Ia. 687; *Randall v. Texas C. R. Co.*, 63 Tex. 586; *Chicago, T. & M. C. R. Co. v. Titterington*, 84 Tex. 218. In applying similar statutes, however, the Iowa ruling adopted in Texas has been rejected by the courts of other states. The weight of authority and the better reasoning support the rule that the granting of a right of way for a road across the homestead of a married person is void unless executed and acknowledged by both husband and wife. *Delisha v. Minneapolis, St. P., R. & D. E. T. Co.*, 110 Minn. 518, 27 L. R. A. n. s. 963, and note; *Lindell v. Peters*, 129 Minn. 288; *Kelly v. Mosby*, 34 Okla. 218.

In *Pilcher v. Atchison, T. & S. F. R. Co.*, 38 Kan. 516, it is said: "The case of *Chicago & S. W. R. Co. v. Swinney*, 38 Ia. 182, has been examined with some care. It holds that 'the husband can convey a right of way over the homestead without the concurrence and signature of the wife to the deed, when such conveyance will not defeat the substantial enjoyment of the homestead as such.' The qualifying expression involves trouble. Who is to determine whether or not the right of way will not defeat the substantial enjoyment of the property? The court says, if the homestead were a single lot, and the right of way occupied it all, or most of it, the case would be very different. Why different? The rule of the Iowa case is too flexible. We cannot adopt it. In this state all questions affecting the rights of the wife and children in the

homestead must be discussed and determined by the constitutional and statutory enactments regarding them. These create them, fix their limits, direct their operation, and have such mandatory force of expression that this court can discharge its duty respecting them only by a strict adherence to the letter of the organic command. The homestead law is a part and parcel of the public policy of the state, and its provisions in cases of this character cannot be waived or avoided, except by an exact and literal compliance with the mode and manner it has prescribed."

Upon the same subject the supreme court of Mississippi said: "Our statute, however, requires the signature of the wife of the owner to validate a conveyance of the homestead or an incumbrance upon it. A right of way for a railroad company is, from its essential nature, an interest in land, and, to the extent of the land taken, is a direct diminution of the homestead. The statute which inhibits the conveyance of the entire homestead by the owner inhibits the conveyance of any part of it, for the whole includes all its parts, otherwise the statute would be rendered ineffective by construction." *Gulf & S. I. R. Co. v. Singleterry,* 78 Miss. 772.

The statute, without exception, applies to instruments conveying or incumbering the homestead. The trend of judicial construction in Nebraska is to avoid an interpretation which would facilitate the impairment of the homestead estate without compliance with statutory formalities. For the reasons stated, the lease does not create rights which can be protected by injunction. This conclusion is a necessary result of enforcing the homestead law.

AFFIRMED.

LETTON, J., not sitting.