GRANT L. MARTIN, APPELLEE, v. NORRIS PUBLIC POWER DISTRICT, APPELLANT.
124 N. W. 2d 221

Filed November 1, 1963. No. 35466.

Crosby, Pansing, Guenzel & Binning and Donn E. Davis, for appellant.

Merril R. Reller, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action for trespass brought by Grant L. Martin, hereinafter referred to as plaintiff, against Norris Public Power District, hereinafter referred to as defendant. Plaintiff secured a jury verdict for $1,500. Motion for new trial was overruled, and the defendant perfected its appeal to this court.

Plaintiff, who is a married man but did not join his wife with him in the action, is the owner of 959 acres of Lancaster County land, consisting of Section 21 and approximately one-half of Section 20, all in Township 12, Range 6, Lancaster County, Nebraska.

Generally, plaintiff alleges trespass by the defendant in the placing of a wooden pole power line without his consent for a mile along the east edge of Section 21 and a quarter of a mile along the north edge. There are further allegations of repeated and continuous trespass between the dates of January 1, 1958, and June 3, 1961.

These include the cutting of fences and trees; the killing of crops by chemical sprays; and improper installation, resulting in loss of livestock during electrical storms. It is not necessary for a decision herein to be more specific in the itemization of plaintiff's claims. Defendant's answer was a general denial.

Plaintiff purchased the property in question in 1949. At that time, there was a two-wire pole power line along the east edge of Section 21. It was stipulated by the parties during the course of the trial that the defendant originally placed a two-wire power line somewhere along the location of the existing line in 1938, or 11 years before the plaintiff acquired any interest in the property. In 1958, the defendant changed the line from a two-wire to a three-wire line.

It was plaintiff's contention that the defendant materially changed the extent and use of the line and that on at least three occasions it moved some of its poles further onto the plaintiff's property so that at the time of the trial all of the poles were from 14.5 to 24.2 feet inside the property line. The testimony for the defendant is that the only changes made, other than adding a wire to the line, were to straighten the line because the road was straightened, and to remove trees which interfered with the line. Defendant's testimony was to the effect that only three poles were changed and that the other power poles remained in the same position where they were placed in 1938.

Defendant produced a tree-cutting agreement dated January 29, 1958, which plaintiff admitted executing and under which plaintiff was paid $300 for clearing trees and underbrush along a part of the line. The defendant also produced a right-of-way easement dated the same day, January 29, 1958, covering the east half of Section 21, which defendant alleged was signed and acknowledged by the plaintiff, but which the plaintiff denied signing. Defendant produced an examiner of questioned documents, who testified that in his opinion

the signature on the exhibit was the plaintiffs. The acknowledgement was taken by defendant's superintendent, who testified it was signed by the plaintiff in his presence. Plaintiff called two bankers with whom he did business, who testified it was their opinion the signature was not the plaintiffs.

The plaintiff further claimed that the east quarter of Section 21 on which the power line was located constituted his homestead and that the easement, even if executed by him, was not executed by his wife and was void for every purpose. The evidence on the homestead character of the property was conflicting. There were three sets of improvements on the 959 acres. Only one of them was on Section 21. The other two were located on Section 20. There is no serious dispute that, although the plaintiff lived in the improvements on Section 21 off and on since 1949, for several years they were used for hired help, and that since the plaintiff's son returned from the service the son and his family have resided in those improvements. The plaintiff has actually lived for several years in the improvements on Section 20. He testified, however, that he considered the east quarter of Section 21 as his homestead, and that he had modernized the improvements thereon with the expectation of moving to those premises.

The defendant alleges four assignments of error. We deem it necessary to discuss only the first two, which are as follows: (1) The district court erred in failing to submit the question of fact as to defendant's prescriptive easement to the jury; and (2) the district court erred in failing to instruct the jury that the burden of proof was on the plaintiff to establish by a preponderance of the evidence that the land in question was the plaintiff's homestead.

The instructions given by the trial court did not submit in any manner the question of a prescriptive easement. The evidence was undisputed that the original power line had been in existence since 1938, or 11 years

before plaintiff acquired any interest in the property. A taking of land for public use without authorization is a trespass. Here, however, the admission of the plaintiff that the defendant's line had been in existence for 11 years before he acquired any right in the property, was sufficient to suggest the possibility of a prescriptive easement. The trespass, if a prescriptive easement be found, would be only for any unauthorized or wrongful use of the right-of-way as it existed when the plaintiff acquired the property.

The plaintiff urges that the defendant, by filing a general denial, has not raised the issue of a prescriptive easement; that the issue was merely an incidental one; and, inasmuch as the defendant did not tender a proper instruction, there was no duty on the part of the court to instruct on it.

Was it necessary that the claim of a prescriptive easement be specifically pleaded in the defendant's answer to be available as a defense? There is no Nebraska case exactly in point. This court has often held, however, that the defense of adverse possession is available in an ejectment action under a general denial. See Oldig v. Fisk, 53 Neb. 156, 73 N. W. 661. The reasoning in those cases is clearly applicable herein. The nature of a trespass action is a claim for an unauthorized entry or a wrongful use. Clearly, a prescriptive right in the defendant goes directly to disprove plaintiff's claim of title, and should be admissible under a general denial.

In Jurgensen v. Ainscow, 155 Neb. 701, 53 N. W. 2d 196, we said: "Where a claimant has shown open, visible, continuous, and unmolested use of land for a period of time sufficient to acquire an easement by adverse user, the use will be presumed to be under a claim of right. The owner of the servient estate, in order to avoid acquisition of easement by prescription, has the burden of rebutting the prescription (presumption) by showing the use to be permissive."

Was this merely an incidental issue? We think not.

If a prescriptive easement existed, at least some of the alleged damages would not have been recoverable. Certainly defendant would have the right to make necessary repairs, and the question could arise as to its right to improve the line. The general rule is stated in Restatement, Property, § 480, p. 3004, as follows: "Unless the burden upon the servient tenement is thereby unreasonably increased, one who has an easement created by prescription has the privilege to do such acts as are necessary to make effective the enjoyment thereof."

The existence of a prescriptive easement and the nature of the improvement which the defendant would be permitted to make under it were questions of fact which should have been submitted to the jury under proper instructions.

The parties spent considerable time on the homestead character of the property. Our law is clear. The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife. § 40-104, R. R. S. 1943. If homestead became an issue, the plaintiff had the burden of proving his claim of homestead by a preponderance of the evidence, and the jury would need to be so instructed. The instructions did not place this burden on the plaintiff.

If the defendant has a prescriptive easement and if the land is actually the homestead of the plaintiff, the homestead would be subject to the easement to the extent that the easement existed when the homestead accrued. In that event, defendant would have a right of entry to maintain the line to the extent of the prescriptive easement.

On a retrial of this case, the validity of the purported easement executed by the plaintiff will again be in issue. We suggest that if the land in question is found to be the plaintiff's homestead, it is immaterial whether the plaintiff signed and acknowledged the disputed right-of-way easement dated January 29, 1958. If the

easement is across homestead property, the easement is void. In Eng v. Olsen, 99 Neb. 183, 155 N. W. 796, this court said: "* * * a right of way for a road across the homestead of a married person is void unless executed and acknowledged by both husband and wife." We hold that an easement encumbering the homestead of the grantor is void unless executed and acknowledged by both husband and wife.

For the reasons given, we conclude that the judgment of the district court should be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.