## THE BURLINGTON WATER WORKS COMPANY v. THE CITY OF BURLINGTON.

1. CITY — *Water-Supply.* A city of the second class has the right and the power to provide for supplying itself and its inhabitants with water.

2. WATER WORKS CONTRACT — *Assignment — Fraud of Original Party and City Officers — City, Not to Repudiate Agreement.* Where an ordinance of a city of the second class was passed, giving the right and the privilege to an individual to furnish water to the city and its inhabitants, the city agreeing to rent and pay for a number of hydrants, and the ordinance was passed irregularly and was procured to be passed by this individual bribing certain members of the city council, but everything appeared to be regular, and the minutes of the meeting were subsequently approved at a regular meeting of the city council by all the members, and ·afterward all the rights and privileges granted to this individual were transferred by him to a water works company, a corporation, which was an innocent and *bona fide* purchaser, and this corporation afterward innocently expended thousands of dollars in the construction of the water works in the city, and the water works were afterward accepted by the city, and the city afterward had the use of the hydrants agreed upon for about a year, *held*, that the city cannot after that time, and as against such innocent purchaser, repudiate its agreement, and refuse to pay for the rent of the hydrants, merely because of the original fraud and conspiracy entered into and consummated by the original party and the city's officers.

3. ACTION — *Defense, Water Not Good, too Late.* Where a water works company, under an agreement with a city, furnishes to the city and its inhabitants water, and to the city the use of certain hydrants, and the water appears to be good, and is believed to be good, and is received by the city and its inhabitants without objection for about a year, when the city is sued for the rent of the hydrants, *held*, that the city cannot then set up as a full, complete and absolute defense to the action, that the water furnished by the company was not good.

*Error from Woodson District Court.*

THE opinion contains a sufficient statement of the case. The rulings brought here by the plaintiff *Water Works Company* for review, were made at the October term, 1889, of the district court.

*G. E. Manchester*, and *C. N. Sterry*, for plaintiff in error.
*E. N. Connal, A. Bergen,* and *Overmyer & Safford,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: What the real facts of this case are we do not know, for the real facts have not been agreed upon by the parties nor found by the court below, nor has the case even been tried by the court below, or any court, except upon demurrers to the pleadings. The court below overruled a demurrer to the plaintiff's petition; overruled a demurrer to the second, third, and fourth defenses of the defendant's answer; overruled a demurrer to the third paragraph of the plaintiff's reply; sustained a demurrer to the second, fourth, fifth, and sixth paragraphs of the plaintiff's reply; and overruled a demurrer to the sixth amended and substituted paragraph of the plaintiff's reply. The plaintiff, the Burlington Water Works Company, as plaintiff in error, has brought the case to this court, assigning for error all the rulings of the court below made against it, and the defendant, the city of Burlington, as defendant in error, has filed a cross-petition in error, assigning for error all the rulings of the court below made against it.

The principal facts of the case as deduced from the pleadings, though they may not be and probably are not strictly the real facts of the case, seem to be substantially as follows: On July 14, 1886, the city of Burlington, a city of the second class, passed an ordinance which took effect on July 16, 1886, giving to J. A. O'Neil, and to his successors and assigns, the right to construct and operate water works in the city of Burlington for a period of twenty years, the city, however, having the option to purchase the water works at their appraised value at the end of each five years; and the city also in the meantime agreeing to rent and pay for a number of hydrants. On July 17, 1886, O'Neil accepted the provisions of the ordinance. On July 26, 1886, an additional ordinance was passed,

amending § 7 of the original ordinance, which additional ordinance took effect on July 30, 1886. On July 27, 1886, O'Neil assigned all his rights under these ordinances, and all his right, title and interest in and to the contemplated water works, to the Burlington Water Works Company, a corporation organized under the laws of Kansas. Afterward the Burlington Water Works Company constructed the contemplated water works, expending in their construction a large amount of money, about $75,000, and also issued its negotiable bonds to the amount of $60,000, secured by a mortgage on the water works, and sold these bonds in the market. On February 22, 1887, in pursuance of a notice previously given, the water works were tested by the company and by the city of Burlington through its engineer, who had full authority therefor, and the water works were found to be sufficient; and on the same day they were accepted by the mayor and council of the city. From that time on the water works company furnished water to the city and to the inhabitants thereof, and the city had the use of the hydrants agreed upon, about seventy in number. The aforesaid ordinances were passed irregularly, and were also procured to be passed by the fraud of O'Neil in bribing some of the members of the city council, but everything appeared to be regular, and the minutes of the meetings at which these ordinances were passed were afterward approved by the entire council, and the water works company seems to have been an innocent purchaser and an innocent party acting all the time in good faith. The city, after having received the benefit of the use of the hydrants, refused to pay for the same, and the water works company, on May 12, 1888, commenced this action in the district court of Coffey county to recover the sum of $3,101.38 with interterest, the alleged agreed price and the value of the use of the hydrants. The case was afterward removed to Woodson county, where the aforesaid demurrers were respectively sustained and overruled.

We think the plaintiff's petition states facts sufficient to constitute a cause of action in favor of the plaintiff and against

the defendant, and therefore the court below did not err in overruling the demurrer to the petition. In our opinion cities

1. City—water works.

of the second class have the right and the power to provide for supplying themselves and the inhabitants of such cities with water in the manner in which such right and power were exercised in the present case, and in various other ways. (Gen. Stat. of 1889, ¶¶787, 817, 1401, 1402, 7185 to 7190; *Wood v. Water Works Co.*, 33 Kas. 590, 597.)

The second defense in the defendant's answer alleges, among other things, that the ordinances were procured to be passed by O'Neil by bribing four of the members of the city council, one of whom was the acting mayor, and also by bribing the city clerk. And this second defense also alleges that the meetings at which these ordinances were passed were special meetings not legally called, and that two of the members of the city council were not present. The council was composed of six members. No claim of fraud or wrong-doing, however, nor any notice of any fraud or wrong-doing, seems to be charged in this defense against the water works company; hence it would seem that this defense is not sufficient. The plaintiff in its pleadings alleges that everything appeared to be regular and valid, and that the minutes of these meetings were afterward approved when all the members of the city council were present. It does not appear that anyone ever claimed that any fraud or bribery had ever been resorted to for the purpose of procuring the passage of these ordinances until long after the water works were constructed, and from anything appearing in the defense which we are now considering, or in the plaintiff's pleadings, the water works company was absolutely an innocent and *bona fide* purchaser, and innocently expended all the money necessary to be expended in the construction of its water works. It is true that after the purchase O'Neil was employed by the water works company, and possibly in the construction of the water works he acted as the company's general agent or general manager; but that can make no difference, provided the water works company

was an innocent and *bona fide* purchaser of the franchise, and as an innocent party expended its money in constructing the water works. (*Wickersham v. Zinc Co.*, 18 Kas. 481.) We shall assume for the purposes of this case, but without deciding the question, that if this were an action between O'Neil and the city of Burlington, the city might plead the alleged fraud and bribery participated in by O'Neil and the city council; but this not being such an action, it would be extremely unjust to permit the city to plead the alleged fraud and bribery as against an innocent party. After a city, through its officers and another, have united in carrying on and consummating a fraud and conspiracy whereby they have induced an innocent third person to expend large sums of money for the benefit of the city and its inhabitants, and upon an agreement that such city would pay for a certain named portion of such benefit to be received by it, may the city then, after it has received the contemplated benefit, and as against such innocent third person, repudiate the agreement and refuse to pay for any portion of such benefit merely because of the original fraud and conspiracy entered into and consummated by itself or its officers and the other original party? We would think not. We think the court below erred in overruling the plaintiff's demurrer to the second defense of the defendant's answer.

2. Water works contract—assignment—fraud—city, not to repudiate agreement.

For the same reasons, and others, we think the court below also erred in sustaining the defendant's demurrer to the second paragraph of the plaintiff's reply. The plaintiff certainly had the right to prove that whatever was attempted to be done by the city authorities, and was done, though done irregularly, was afterward ratified and cured by a more perfect action on the part of the city authorities; that all the irregularities in the passage of the ordinances or elsewhere were afterward cured by subsequent action. And the plaintiff also had the right to prove what it had in fact innocently done in the way of constructing its water works, expending large sums of money therefor, and issuing and selling its negotiable bonds, etc., for the purpose of estopping the city from interposing as a defense

the aforesaid frauds and irregularities brought about by its officers and O'Neil.

The court perhaps ruled correctly in sustaining the defendant's demurrer to the fourth paragraph of the plaintiff's reply; for while the city had the right under the ordinance to declare the franchise or privilege granted to O'Neil and to his successors and assigns forfeited for any failure on their part to properly perform the contract, yet the city was not and is not bound to declare such a forfeiture. It may resort to other remedies. But of course the remedy of declaring a forfeiture would be the best for the city and its inhabitants, if the company, after receiving notice, should persist in violating its contract, to the injury of the health, and possibly the lives, of the inhabitants. Neither do we think the court below erred in sustaining the defendant's demurrer to the fifth paragraph of the plaintiff's reply. The plaintiff was bound to perform its part of the contract, whether the city informed it how to do so, or not.

We cannot say that the court below erred in overruling the defendant's demurrer to the third paragraph of the plaintiff's reply, although it is probable, when the real facts are shown, that that paragraph will be of but little value to the plaintiff.

We do not think that the court below erred in overruling the defendant's demurrer to the substituted sixth paragraph of the plaintiff's reply. If everything else were regular except that the water furnished to the city and its inhabitants was not the kind of water which the plaintiff was required to furnish, and if the water appeared to be good and the plaintiff believed it to be such as it had contracted to furnish, and it was accepted by the city and its inhabitants and was used by them for about a year without objection, the city certainly cannot now, for the reason that the water was not good, set up such a reason as a full, complete and absolute defense to the plaintiff's entire action, and refuse to pay *anything* for the rent of the hydrants. It seems strange, however, if the water furnished by the com-

3. Action—defense, water not good, too late.

pany was really as bad as the city now claims that it was, that the city did not then complain, and then, if the company still persisted in furnishing bad water, to declare a forfeiture of the company's franchise.

We hope that if this case is ever again brought to this court it will be brought here upon an agreed statement of the facts, or upon special findings of the facts made by the court or a referee or a jury, and that the facts will be given to us in full and in detail.   We can then decide the case intelligently.

For the errors of the court below in overruling the plaintiff's demurrer to the second defense in the defendant's answer, and in sustaining the defendant's demurrer to the second paragraph of the plaintiff's reply, the judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.