## SALINA WATERWORKS CO. v. CITY OF SALINA.

(District Court, D. Kansas, First Division. February 10, 1912.)

### No. 9,017.

MUNICIPAL CORPORATIONS (§ 226*)—CONTRACT WITH WATER COMPANY—CONSTRUCTION AND VALIDITY.

Under a statute conferring on a city "full power and authority to contract for and procure waterworks to be constructed for the purpose of supplying the inhabitants * * * with water for domestic use, the extinguishment of fires," etc., the city had authority to contract with a water company for the rental of fire hydrants for any reasonable length of time; and a contract to pay for such service for 20 years, for which term the company was granted a franchise with a reservation to the city of the right to purchase the plant at any time after 10 years, with a further provision that if it did not elect to purchase by the end of the term the franchise and contract should be extended for an additional 20 years subject to the same terms and conditions, including the continued right to purchase, was not beyond its powers, and the provision for extension is valid and enforceable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 645–650; Dec. Dig. § 226.*]

At Law. Action by the Salina Waterworks Company against the City of Salina, brought in the Circuit Court for the First Division of the District of Kansas, by operation of law transferred to the District Court, and heard on demurrer to petition. Demurrer overruled.

Harkless & Histed, of Kansas City, Mo., for plaintiff.

Thos. L. Bond, David Ritchie, and H. C. Tobey, all of Salina, Kan., for defendant.

POLLOCK, District Judge. This action at law was brought by plaintiff to recover from defendant the amount required to be paid under the terms of an ordinance of the city, dated March 22, 1883, granting a franchise to the Salina Waterworks Company (hereinafter called the "Water Company") to construct and operate a system of waterworks in defendant city, and contracting with it for the furnishing to said city and its inhabitants a supply of water for the extinguishment of fires, domestic use, and other purposes. Defendant has demurred to the petition, which demurrer stands submitted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

for decision. The fact that plaintiff is the legal successor of the Water Company and did furnish the defendant water through fire hydrants in the manner provided by the terms of the ordinance stands admitted by the demurrer. The defendant further admits the plaintiff performed the service for which hydrant rentals are claimed in its petition. It further concedes in argument, having accepted the service from plaintiff, it must pay therefor.

The contention presented by defendant on this demurrer, however, is that the contract entered into between the plaintiff and the city by virtue of the ordinance above referred to is no longer in force, wherefore it contends, although plaintiff has performed the service of furnishing water through the fire hydrants of the city, as required by the terms of the ordinance, during the time specified by plaintiff, for which service it has not paid plaintiff, yet it will be held to pay only the reasonable value of such service, as such value may be determined from the evidence, and not in accordance with the contract price, and this being an action on an express contract, and not one to recover on a quantum meruit, the demurrer must be sustained.

Decision on this demurrer involves two propositions: (1) The terms of the contract between the parties as made by the ordinance of the city and accepted by the Water Company; (2) the power of the city under authority of law to contract at the date the ordinance was enacted.

Section 1 of the ordinance provides, in part, as follows:

"That there is hereby given and granted to the Salina Waterworks Company, its successors and assigns, the exclusive right and privilege for the term of twenty years from the date of the adoption of this ordinance of supplying the city of Salina, Kansas, and the inhabitants thereof, by a system of waterworks with good, clear water suitable for domestic purposes and for the prevention and extinguishment of fires, and for other purposes, subject to the terms and conditions set forth in this ordinance."

Sections 4 and 5 provide:

"The said city of Salina hereby agrees to rent and does rent, of the said the Salina Waterworks Company, its successors and assigns, thirty-six (36) double-nozzle hydrants, to be located on said pipes and mains, as the council may by resolution direct, at an annual rental of one hundred dollars each, payable semiannually, on the first days of January and July in each year; and the said the Salina Waterworks Company, its successors and assigns, shall extend said mains and pipes at any time when ordered so to do by the mayor and council of said city of Salina.

"Sec. 5. For all extension of mains ordered by the council of the said city of Salina, the said the Salina Waterworks Company, its successors and assigns, shall erect not less than ten double-nozzle fire hydrants to the mile, and for all such hydrants, until the whole number, including the thirty-six mentioned in section 4 of this ordinance, shall reach fifty (50) the said city of Salina agrees to pay to the said the Salina Waterworks Company, its successors and assigns, an annual rental of one hundred dollars each, the same to be paid semiannually on the first days of January and July of each year. For all additional hydrants more than fifty, the said city agrees to pay the sum of seventy-five dollars each, until the whole number reaches seventy-five and for any additional hydrants more than seventy-five, fifty dollars each, payable as above specified."

Section 8 provides:

"The said city of Salina shall have right to acquire by purchase, and become the sole owner of said waterworks and all the extensions thereof, and the

buildings, machinery and property of every description thereunto belonging at any time after the expiration of ten years from the time of the adoption of this ordinance, upon paying therefor to the owner or owners thereof the value of said property, to be ascertained by appraisement, as follows: The said city shall select one appraiser, and the owner of said waterworks shall select another, and the appraisers selected shall select a third, or if they cannot agree upon such third person, a third appraiser shall be selected by the judge of the district court of Saline county, in the state of Kansas, and the three persons so determined upon shall appraise the said property at its then cash value, which appraisement shall be binding upon both parties, as to the value thereof, and the said city of Salina shall have the right to purchase and become the absolute owner of such property at such appraised value, provided, if there shall at such time be any mortgage on such property, then the amount of such mortgage shall be deducted from the amount of such appraisement, and only the difference paid to the owner of such works and property. And in case the said city of Salina does not purchase and become the owner of said waterworks and property as aforesaid, at the end of twenty years, then all rights and privileges in this ordinance granted to the said the Salina Waterworks Company, its successors and assigns, shall be extended for another period of twenty years, subject to the right of said city to purchase the same as aforesaid at any time thereafter, and subject to the same duties, liabilities, obligations and penalties as herein provided for."

It is the insistence of defendant city this is a contract between the parties for a period of 20 years only, and as the service for which the plaintiff demands judgment in this action was rendered more than 27 years after the ordinance was enacted, it no longer has any binding force as a contract between the parties; for, it is contended, the city at the time the ordinance was passed was not authorized to make a contract for a longer period than was reasonable under the circumstances, and, in any event, not more than 20 years, and hence the stipulation therein found, by which the city undertakes to either purchase the plant at or before the expiration of 20 years from the date of the ordinance, or to extend the contract for another 20-year period on the same terms and conditions, was beyond the power possessed by the city under the laws of the state when made, and, in consequence, is void and nonenforceable against it.

The only provisions of statutory law of the state in force at the time this contract was entered into between the parties either conferring power upon the city to contract with the Water Company or limiting its right to so contract read as follows:

Section 114, c. 23, Gen. Stat. 1868, relating to powers of corporations, provides as follows:

"Any gas or water corporation shall have full power to manufacture and sell, and to furnish such quantities of gas or water, as may be required by the city, town, or village where located, for public or private buildings, or for other purposes; and such corporations shall have power to lay pipes, main and conductors, for conducting gas or water through the streets, lanes, alleys and squares in such city, town or village, with the consent of the municipal authorities thereof, and under such regulations as they may prescribe."

Section 115 of the same act provides who may contract with such corporations, as follows:

"The municipal authorities of any city, town or village in which any gaslight or water corporation shall exist, are hereby authorized to contract with any such corporation for the lighting, or supplying with water, the streets, lots, lanes, squares and public places, in any such city town or village."

Section 1 of chapter 208 of the Laws of 1872 provides the purposes for which a city of the second class, as is and was defendant city at the date of entering into the contract, may contract, as follows:

"That cities of the first, second and third class, of the state of Kansas, are hereby granted full power and authority, on behalf· of such cities, respectively, to contract for and procure waterworks, to be constructed for the purpose of supplying the inhabitants of such cities with water for domestic use, the extinguishment of fires, and for manufacturing and other purposes."

That these provisions of statutory law conferred ample power on the city to enter into a contract with plaintiff to supply itself and its inhabitants with water cannot be doubted. Nor can it be doubted, in the light of authority, the statutory power so conferred authorized the city to enter into a contract binding itself for a period of time longer than the terms of office of its representatives who entered into the contract on its behalf, and for a reasonable length of time, taking into consideration the expense necessarily incident to the construction of such works, their nature when constructed, the needs of the city, and all the facts and circumstances with relation thereto open to the minds of the contracting parties. Wood v. National Waterworks Company, 33 Kan. 590, 7 Pac. 233; Burlington Waterworks Company v. City of Burlington, 43 Kan. 725, 23 Pac. 1068; Manley v. Emlen, 46 Kan. 658, 27 Pac. 844; Water Company v. Cherryvale, 65 Kan. 228, 69 Pac. 176; Illinois Trust & Savings Bank v. City of Arkansas City, 76 Fed. 282, 22 C. C. A. 171, 34 L. R. A. 518. In the case last mentioned, Judge Sanborn, delivering the opinion of the court, said:

"The powers granted to this city by the Legislature of the state of Kansas to contract for and procure waterworks are plenary and unlimited save by the duty to exercise them with reasonable discretion, and it is not the province of a court to contract or clip the legislative grant. The words of that grant are, 'full power and authority to contract for and procure waterworks to be constructed for the purpose of supplying the inhabitants of such cities with water.' "

Such being the statutory power conferred on the city to enter into the contract in question, it is well to consider first the construction of the contract entered into between the parties for the purpose of determining whether it was reasonable or was beyond the statutory power conferred on the city, and whether the contract made was still in force and effect at the time of the performance of the service by plaintiff for which recovery is sought in this action. By section 1 of the ordinance above quoted, the city attempted to grant to plaintiff the exclusive right and privilege of furnishing it and its inhabitants with water for a period of 20 years; however, subject to further terms and conditions set forth in the ordinance. The power of the city to make the exclusive grant here attempted is not called in question and is immaterial to consider. Hence, in so far as said section standing alone is concerned, it contains an absolute grant of the privilege for a period of 20 years. Sections 4 and 5 express the terms of the contract. Now, looking at the terms and conditions imposed on the grant by section 8 of the ordinance above quoted, it is found the 20-year grant made by section 1 is qualified by the condition that

the city at the expiration of 10 years from the date of the grant may purchase the works on the terms and conditions therein provided and thus terminate the contract. This reserved right on the part of the city to purchase attaching at the expiration of 10 years from the date of the grant continues at all times thereafter as a qualification of the grant of privilege conferred on the plaintiff. That is to say, the city, deeming it to its best interests to so do, could continue to receive the service provided for under the terms of the ordinance making payment therefor, as stipulated therein, or, at its option, it could take over the works on payment of their value less any mortgage indebtedness resting thereon at any time it might desire. However, if at the expiration of the 20-year period provided for in section 1 of the ordinance the city has not and does not then elect to exercise its continuing right to purchase, it is stipulated the same condition then existing shall continue for another period of 20 years, unless at some time during said period the city shall elect to exercise its continuing right to purchase the property. If it does not so elect, it agrees to receive the performance of the service as stipulated in the contract and make payment thereof as provided therein. That this is the true construction and effect of the contract between the parties seems to me clear, not only from a consideration of the language employed, but from a consideration of the situation in which the parties were placed at the time it was entered into. National Waterworks Company v. Kansas City, 62 Fed. 853, 10 C. C. A. 653, 27 L. R. A. 827; Atlantic City Waterworks Company v. Atlantic City, 48 N. J. Law, 378, 6 Atl. 24; City and County of Denver v. New York Trust Co., 187 Fed. 890, 110 C. C. A. 24.

So construed, it is apparent such a contract was advantageous to both contracting parties, for under its terms the city was obligated to receive the service and pay the stipulated price therefor after the expiration of the first 10-year period only so long as it might seem advantageous to it to so do. It could not, at any time, be compelled to purchase, but at its option could purchase and terminate the relation created when its financial affairs would permit, if such course seemed calculated to subserve its best interests. If it did exercise this right of purchase, and the mortgage debt resting on the property approximated to its value, the amount required to be paid was small. The contract does not require the city to either pay or assume the mortgage debt. On the other hand, a comparatively large sum was required to construct the system of works for the use of the city. The Water Company, in order to perform the service, was compelled to expend this large sum in the construction of the plant. When constructed, as it could not be removed by the Water Company with any advantage to itself, and as it was valuable alone for the purpose for which it was constructed, common business prudence on the part of both contracting parties dictated some permanent arrangement should be entered into by which it should in any contingency continue to serve the one purpose of its creation, to the end that its value should be neither lost nor destroyed. That the city possessed the statutory power to enter into the absolute contract for 10 years is not questioned and is now settled by performance. That it pos-

sessed the further power of entering into the alternative executory contract to either receive and pay for the service stipulated therein, or, on the contrary, to purchase the works at their value at any time the city might elect after 10 years, would seem equally conclusive, for such a contract might have been terminated by the city according to its terms at any time after the expiration of 10 years from its date, and may now, by the city, in accordance with its terms, be terminated at any time. In any event, I am of the opinion, as the making of the contract stands admitted by the demurrer, and as no fraud is charged affecting its validity, as the city has made no attempt to obtain relief from the terms of the contract, and as no such relief is open to the city in this action at law, if it exists, and as, according to the terms of the contract as written, it remained in force at the time the hydrant rentals sought by plaintiff to be recovered in this action accrued, the demurrer must be overruled and denied, with leave to the defendant to answer the petition within 30 days, if so advised by its counsel.

It is so ordered.